## SUPREME COURT.

BAUMAN agt. THE NEW-YORK CENTRAL RAILROAD COMPANY.

An appeal to the general term, under § 349 of the Code, relating to appeals from orders from a decision at special term, directing judgment in favor of the defendant on a demurrer to the whole of a complaint as an *order*, will not lie. (*This is adverse to Nolton agt. The Western Railroad Co., ante, p.* 97.)

*Monroe General Term, December,* 1854.
JOHNSON, WELLES, and T. R. STRONG, Justices.
The defendants move to dismiss the appeal in this case, on the ground that it is taken as from an order, and without giving any security. They demurred to the complaint, and upon the trial of the issue of law thereby formed, it was ordered that the defendants have judgment. Leave to amend was not given. An appeal was taken by the plaintiff, by serving a notice on the attorney of the defendants and the clerk, expressing "that the plaintiff appeals from the order for judgment on the demurrer." No undertaking has been filed.

O. H. PALMER, *for defendants.*
JOHN H. MARTINDALE, *for plaintiff.*

By the court, T. R. STRONG, Justice. This appeal was taken under § 349 of the Code. That section relates exclu-

Bauman agt. The New-York Central Railroad Company.

sively to orders, and authorizes an appeal to the general term, among other cases, " from an order made at special term," &c., " when it sustains or overrules a demurrer." The subject appealed from must be an " *order.*" By § 400, the term, order, is defined : " Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order." Section 245 defines a judgment : It is " the final determination of the rights of the parties in the action." The demurrer in this case is to the whole complaint, and the decision upon it is, that the plaintiff has no right of· action. Nothing remained to be done by the defendants after the decision, but to have their costs adjusted, and to perfect judgment in their favor against the plaintiff. An entry of such a decision, in whatever form, is certainly within both the letter and spirit of the definition above given of a judgment. It must express, for such is the effect of the decision, the final determination by the court of the rights of the parties. For the same reason, such an entry is not within the terms or meaning of the definition above given of an order. It is not an order, because the directions embraced in it are included in a judgment. The filing of a judgment-roll was not necessary to constitute a judgment. Under the late system of practice, superseded by the Code, a judgment was perfect after four days from the time of entering a rule for judgment, though the record was not filed. (*Grant* agt. *Root*, 3 *Cow.* 354. *See also Regina* agt. *Gordon*, 1 *Carr. & Marsh.* 410; 41 *Eng. Com. Law*, 225–6.) Under the same system, the two years allowed for appealing " from any judgment or final determination," commenced when the decision determining the rights of the parties was actually made. (*Lee* agt. *Tillotson*, 4 *Hill*, 27 ; *Fleet* agt. *Young*, 11 *Wend.* 522.) And the court of appeals have decided that the limitation, by the Code, of " two years after the judgment " for appealing, begins to run from the time the final determination was actually made, without regard to the filing of the roll. (*Bank of Geneva* agt. *Hotchkiss*, 5 *How. Prac. R.* 478.) I think it clear, therefore, that the entry of the decision in the present

cannot with propriety be regarded as an order, and that § 349 is not applicable to it.

The effect of treating the entry of the decision in this case as an order, would be, that the plaintiff would have a right to appeal to the general term twice from the same decision—once as an order, without any security, and next as a judgment, on giving security. By treating the entry as a judgment, the plaintiff has substantially all the benefit, in respect to a review of the decision, he would have from regarding it as an order. The only additional burden to which he is subjected, is that of giving security.

The view now presented of the provision under consideration, if sound, by no means renders the provision inoperative. There are cases in which a decision, sustaining or overruling a demurrer, may properly be termed an order. Where leave to amend is given, in connection with the decision, the decision is, I think, substantially upon condition that an amendment shall not be made ; the demurrer is sustained or overruled, as the case may be, unless the failing party shall amend ; it cannot be said, in strictness, that the rights of the parties are finally determined, until the time for amending has expired, without the party availing himself of the leave given, and therefore the decision is not a judgment, but rather a direction of the court not included in a judgment, which constitutes it an order. So, where a demurrer is to part only of a complaint, con-.aining in form several causes of action, or to part of an answer, purporting to contain several defences, the decision is only an order. There can be no judgment until all the issues are decided. Until then, the time limited for an appeal will not commence. It is highly probable the legislature had in view these cases, in making the provision in question. Where leave to amend is given, if an amendment is made in pursuance of it, the decision upon the demurrer cannot thereafter be reviewed ; and it is perhaps proper that the party should be permitted a review in such a case before amending, and before final judgment, trusting to the court upon deciding the appeal, if the decision at special term is affirmed, to allow him the like

privilege of amending as was given at special term—which will usually be done, where the appeal was in good faith. When the decision is to part only of a complaint, or answer, a review of the decision, before bringing the issues of fact to trial, is often highly important. The questions of fact to be tried, or the necessity of a trial at all, may depend upon the decision.

There may be other cases to which the provision is applicable. In many cases, further proceedings, after the decision upon the demurrer, are necessary "to complete the judgment." (*Code,* § 269.) Whether the provision extends to such cases, or what are its limits, further than as above stated, no intimation is intended now to be given.

The motion to dismiss the appeal must be granted, with $10 costs.