FARMERS' AND MECHANICS' BANK OF GENESEE *v.* WADS·
WORTH *et al.*

The ownership of a promissory note by the plaintiff is sufficiently shown
by the averment of its making, indorsement and delivery to him
before maturity, for a valuable consideration, though coupled with the
statement that it was, "by the Bank of Commerce, in the city of New
York, which then held the same," presented for payment at another
bank in that city, where it was payable.

The statement in respect to the Bank of Commerce imports only a holding
as the plaintiff's agent for collection, and not ownership.

APPEAL from the Superior Court of the city of Buffalo.
The complaint stated the making and indorsement of a pro-
missory note for $12,500, dated at Buffalo, and payable at the
Bank of North America, in the city of New York, and its
delivery to the plaintiff before maturity for a valuable conside-
ration and in the ordinary course of business. It further
averred that, on the day of its maturity, the note " was, by the
Bank of Commerce in New York, which then held the said
note, through a notary public, presented at the Bank of North
America to the paying teller therein for payment, and payment
was demanded and refused." · There was no other allegation
of ownership of the note by the plaintiff. The maker and
indorser joined in a demurrer to the complaint, which was
overruled, and the defendants appealed to this court.

*Amasa J. Parker,* for the appellants.

*John Lawson,* for the respondent.

BY THE COURT. The only ground on which the demurrer
in this case is sought to be sustained is, that the plaintiff shows
no title to the bill of exchange which is the subject of the
action, but, on the contrary, that title is shown out of the plain-
tiff on the face of the complaint. This objection has hardly
the merit of plausibility. The complaint avers the making and
indorsement of the bill, and that, for a valuable consideration,

in the usual course of business, and before maturity, it was transferred and delivered to the plaintiff. The other allegation in respect to it is, that, on the day it fell due, it was, "by the Bank of Commerce, which then held the same," presented for payment. .

This is not an allegation of ownership by the Bank of Commerce, but, at most, of a deposit of the note, and a holding of the same as the agent of the plaintiff, and for the purposes of presentation; the note being, by its terms, payable at a bank in the city of New York. The fact of the possession of a note at the time of its presentation is of itself *prima facie* evidence of ownership, and unless the title is specifically denied, its production on the trial will entitle the plaintiff to recover upon it.

Judgment affirmed.