State to the use of J. D. Tapley's Adm'rs, Respondent, *v.* James T. Matson *et als.*, Appellants.

1. *Practice — Pleading — Petition — Errors.*—The plaintiff's right to sue upon the cause of action stated in the petition must be set forth by averments so as to tender an issue. A petition without such an averment is fatally defective, and no judgment can be rendered upon it. The description of the parties in the entitling of the petition is but a description of the persons, and forms no part of the statement required in the petition.
2. *Practice — Supreme Court — Error.*—For error apparent upon the face of the record, the judgment will be reversed.

| 38 | 489 |
| 52a | 306 |
| 38 | 489 |
| 56a | 72 |
| 38 | 489 |
| 126 | 213 |
| 126 | 228 |
| 38 | 489 |
| 151 | 448 |

*Appeal from Ralls Circuit Court.*

*E. B. Ewing*, for appellants.

The petition shows no cause of action whatever, and, although there was no motion in arrest, the judgment should be reversed if the petition is so defective that no judgment could be rendered. A glance at the petition discloses the absence of any averment showing the right of plaintiff to sue ; it fails to show in what character they sue, or that they are in any manner interested in or connected with the alleged breaches of the bond. For aught that appears in the petition, the plaintiffs are total strangers to the cause of action attempted to be set forth, whether creditors, distributees, or administrators, is not alleged ; and there is no averment which by any reasonable intendment could determine their relation to this action, or the transactions described in the petition.

The words "administrators," &c., following the name of the plaintiff, are only descriptive of the person, and are insufficient to show that the plaintiffs (if they are administrators) sued in their representative capacity—Sheldon v. Hay, 11 How. Pr. 12.

In an action by an administrator as such, the complaint should by some appropriate averment show that the action is by the party in his representative character, and not as an individual—Bright v. Currie, 5 Sand. 433.

*G. Porter*, for respondent.

The goodness of the petition cannot be enquired into, as there was no demurrer or motion in arrest in the court below, and the attention of the court below not called to the pleadings as to their sufficiency—§§ 33 & 34, art. 14, R. C. 1855, p. 1300 ; 10 Mo. 515 ; 13 Mo. 215 & 455, and other cases decided by this court.

FAGG, Judge, delivered the opinion of the court.

The first question that arises in this case is as to the legal sufficiency of the petition. It is contended that such a question ought not to be considered here, for the reason that there was no demurrer or motion in arrest of judgment in the court below ; and in accordance with the provisions of §§ 33 & 34, art. 14, of the "Act in relation to practice in civil cases" (R. C. 1855), and the former decisions of this court, it is now too late to take advantage of it. An examination of the authorities cited leads me to the conclusion that in these cases this point was not raised at all. In the case of Bateson v. Clark, 37 Mo. 31, this point was considered at some length, and decided contrary to what is claimed by the counsel for respondents as the opinion of the court in the cases cited in 10 and 13 Mo. In the case of Bateson v. Clark et al. the distinction between matters of error and matters of exception was drawn by the court in its construction of the two sections of the statute referred to in connection with § 35 of the same chapter. After stating the fact that the

"record proper is the petition, summons, and all subsequent pleadings, including the verdict and judgment," it is said that "if any error is apparent on the face of these pleadings which constitute the record, we will reverse the cause whether any exceptions were taken or not." The principle settled in that case being still held to be correct, we pass to the consideration of the main question here.

This is a suit in the name of the State to the use of the administrators *de bonis non* of the estate of Joseph D. Tapley, deceased, instituted against the sureties upon the bonds of the former administrators. The objection to the petition is that it contains no averment of the right of these parties to sue. In the caption they are designated in the manner above stated; but the fact of their appointment, their legal authority to act as such, and their right to recover against the defendants upon the facts stated, is nowhere averred. Nor indeed is there any statement made from which it might be legitimately inferred that these parties had any right of action whatever. In a case almost precisely like the one at bar, it was held by the New York Court of Appeals that this introductory statement, containing only the names of the parties, was to be taken as a *descriptio personæ* merely—11 How. Pr. 12, and the cases there cited.

It is admitted that under our system of practice the rules of pleading have been greatly relaxed, and that many defects formerly held to be fatal may now be cured by verdict. Matters immaterial, or of mere form, are not to be regarded if the facts constituting the cause of action and the plaintiff's right to recover are substantially stated; but the petition in this case cannot be relieved from objections by any such admissions. The bond sued upon is set out very fully and, minutely, and no objection appears to the assignment of the breaches, either general or special. The judgment asked for is the ordinary one in such cases, and an award of execution for the amount due and for other relief, &c.

The right of the plaintiff to recover is a material and traversable fact, and should be stated by a substantial averment

so as to tender an issue to the other party. A petition without such an averment is, in my view of the law, fatally defective, and no judgment can be rendered upon it.

For these reasons the judgment of the court below will be reversed and the cause remanded. The other judges concur.

