STEPHEN BIRD, *et al.*, Executors of JOHN BIRD, Plaintiffs in Error, *vs.* THOMAS COTTON and HARDIN M. WARD, Defendants in Error.

1. *Practice, civil—Pleading—Plaintiff's character as executor, sufficiency of allegations of.*—When in a petition plaintiffs styled themselves the executors of A., stated that the note sued on was made to their testator, averred his death, and brought into court and made profert of the letters of administration: *held,* that although there was no direct averment of plaintiffs' appointment as executors, yet that fact was necessarily inferrable from the other facts stated, and the petition was not so defective as to be demurrable on that account.

*Error to Pemiscot Circuit Court.*

*George E. Hatcher and Louis Houck,* for Plaintiffs in Error.

*Ward & Watkins,* for Defendants in Error.

WAGNER, Judge, delivered the opinion of the court.

The plaintiffs, styling themselves in the caption of the petition executors of the estate of John Bird deceased, commenced their action against the defendants upon a note which it was alleged was made by the defendants and payable to the testator. In the petition the date of the note was not given. There was an averment that a certain payment was made on the note, but at what time was not stated.

It was also stated that Bird, the testator, afterwards died, and that the plaintiffs brought into court their letters testamentary, and made profert of them.

To the petition the defendant demurred, and assigned as objections: 1st. That there was no sufficient description of the note sued on. 2d. That it was not alleged that letters testamentary were granted to plaintiffs by a court of competent jurisdiction, and, 3d. That it was not averred when the payment on the note was made.

Before the demurrer was acted on the plaintiffs obtained leave and amended their petition, stating that the note was executed and delivered on a certain day and year therein specified. But notwithstanding this amendment the court sustained the demurrer. If there was ever any force in the

first ground of objection taken it was clearly cured by the amendment.

The capacity in which the plaintiffs sued was not as clearly stated as it should have been, to comply with the rules of good pleading.  But the petition styled the plaintiffs as executors, stated that the note was made payable to their testator, averred his death, and then brought their letters into court and offered to make profert of them.  All these facts taken together, showed unmistakably the capacity in which plaintiff sued, and their right to sue, and would enable any person to know what was intended.  And although the petition is not to be commended, and certainly cannot be construed into a model of good pleading, yet it is not so glaringly defective as to justify the action of the court.  There was no direct averment of plaintiffs' appointment as executors, or that they were executors, but these facts were necessarily inferrable from the other facts stated.

As to the objection, that it was not stated when the payment was made on the note, that was immaterial.  It was a matter properly arising upon, or to be taken advantage of by the evidence.

The judgment should be reversed and the cause remanded. All the judges concur.