[No. 6,368.—Department Two.]

MARIA B. JUDAH, EXECUTRIX, ETC. v. JOHN FREDERICKS.

PLEADING—EXECUTOR.—The allegation in a complaint that the plaintiff "is the duly qualified and acting executrix of the last will and testament of J. F., deceased," is not a sufficient averment of her official character. Accordingly, the complaint on this ground held insufficient on general demurrer.

APPEAL from a judgment for the plaintiff, and an order denying the motion of the defendant to amend the findings, in the County Court of the City and County of San Francisco. WRIGHT, J.

*P. B. Ladd*, for Appellant.

The demurrer should have been sustained. The complaint is entitled Maria B. Judah, executrix, etc. Then follows the allegation, Maria B. Judah, plaintiff in the above-entitled action, complains, etc. She, as plaintiff, makes this complaint in her own right, and not as executrix, etc. (*Selden* v. *Hay*, 11 How. Pr. 12; *Root* v. *Pierce*, 22 id. 373; *Butterfield* v. *McComber*, id. 150; *Hallet* v. *Harrower*, 33 Barb. 537.) But if the action is to be regarded as one in favor of the estate of John Ferguson, then the complaint is equally defective, for there is no averment

that Ferguson is dead; when or where he died; that he made any will; when or where the will was probated, or that it was ever admitted to probate.

These facts must be averred issuably, for they go to the very foundation of the right to bring the action. (*Hallack* v. *Mixer*, 16 Cal. 580; 40 id. 535–36; *Beach* v. *King*, 17 Wend. 197; *Forrest* v. *Mayor of N. Y.* 13 Abb. 350; 18 How. Pr. 326; 22 id. 238; 23 Barb. 143, 305.)

The allegation that the plaintiff is the duly appointed, qualified, and acting executrix, etc., is but a conclusion of law; it is not an averment that she was duly appointed, or that any order, decree, or judgment was duly given or made. (§ 456, Code Civ. Proc.) When the pleader seeks to obviate the common-law rule in pleading a judgment, etc., by adopting the short rule of the Code, he must comply with the Code rule. (*Young* v. *Wright*, 52 Cal. 407–410.) The plaintiff in this case has not complied with either rule.

*G. F. & W. H. Sharp*, for Respondent.

While the allegation of the power to sue as executrix is not in the most approved form, it still is not, as alleged, fatally defective. On this we refer the Court to Bliss on Code Pleading, § 264, and note 5, from which we quote as follows: " No form of words is absolutely essential to show the plaintiff's authority to sue as executor, administrator, etc. The pleading is not demurrable if the facts appear substantially or even obscurely, provided they appear."

MORRISON, C. J.:

This action is brought to recover a certain tract of land situate in the City and County of San Francisco, the allegation in the complaint being that the property in controversy was leased by one John Ferguson to the defendant. The complaint avers, that " Maria B. Judah, of the City and County of San Francisco, plaintiff in the above-entitled action, complains of John Fredericks of said city and county, and for cause of action alleges: That she is the duly appointed, qualified, and acting executrix of the last will and testament of John Ferguson, de-

ceased." It then proceeds to set forth the lease from Ferguson to defendant, alleges that the same has expired, that notice to surrender the possession has been given in accordance with the provisions of the statute, and the unlawful withholding of the property by the defendant. To this complaint a general demurrer was filed by the defendant, which was overruled by the Court.

The question, and the only question which it will be necessary for the Court to consider, relates to the sufficiency of the complaint. If the complaint was defective in substance the demurrer should have been sustained, and the judgment entered upon it cannot stand.

The action is based upon a contract made with Ferguson, who, it is claimed, was the plaintiff's testator, and consequently it was necessary for the plaintiff to bring the action in her representative capacity. The averment in the complaint is " that she is the duly appointed, qualified, and acting executrix of the last will and testament of John Ferguson, deceased." It is claimed, on behalf of the respondent, that this allegation is sufficient within § 456 of the Code of Civil Procedure. That section provides that " in pleading a judgment or other determination of a court, officer, or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly *given or made*." Conceding, for the purposes of this decision, that the above provision is applicable to the case under consideration, yet the averments in the complaint are insufficient. In the case of *Young* v. *Wright*, 52 Cal. 410, the Court says: " But the answer avers that the judgment was ' duly rendered,' and it is contended that this was sufficient, under § 456 of the Code of Civil Procedure. That section provides that, ' in pleading a judgment or other determination of a court, officer, or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly *given or made*.' A party wishing to avail himself of a provision of this character must comply strictly with its terms. In exonerating him from an obligation which would otherwise be incumbent upon him, the statute prescribes the precise conditions on which he is to be relieved, and they must be strictly performed. In this case the averment is not

that the judgment was duly 'given or made,' but that it was duly 'rendered,' and we are inclined to think these are not equivalent terms.   *   *   *   The statute defines the precise terms on which a party pleading a judgment may be excused from stating in his pleading the jurisdictional facts; and to prevent the necessity of construing doubtful phrases, in order to determine whether they are of equivalent import, the better practice is to require the pleader in such cases to pursue the statute strictly."

But, independent of the statutory provision, is the complaint sufficient?   In the case of *Barfield* v. *Price*, 40 Cal. 535, the Court says: "But if she intended to sue as executrix, the complaint has no allegation whatever showing that she is entitled to sue in that capacity."   In the New York courts, the question now before us has been passed upon in a number of cases, some of which we will notice.

The case of *White* v. *Joy*, 13 N. Y. 86, was the case of a receiver claiming title to property, and the Court there says: "The answer is apparently founded upon the principle that where a receiver would make title in pleading to a chose in action or other property which had belonged to a corporation which he represents, he must set out the facts showing his appointment.   In such a case it will not answer merely to describe himself as receiver, or, even under the former system, to aver that he was duly appointed.   He must set out the proceeding, so that the Court may see that the appointment was legal.   In such a case the appointment of the receiver is a part of the plaintiff's title.   It is like the granting of administration or of letters testamentary in a suit by executors or administrators; unless the fact is stated, the plaintiff does not show any right to sue."   The case of *Beach* v. *King*, 19 Wend. 197, is directly in point, and Mr. Justice Bronson, speaking for the Court, there says: "The defendant cannot be administrator unless letters of administration of goods and chattels and credits of the intestate have been granted to him by one of the surrogates of this State. The proper mode of pleading the fact is by a direct allegation that such letters were granted.   The defendant has not pursued that course, but pleads that he was *duly* appointed administrator.   This allegation consists partly of matter of fact and

partly of matter of law, and is not capable of trial. That the defendant was appointed administrator by somebody, or in some form, is a question of fact; but whether he was duly appointed or not, is a question of law. The defendant should have stated how he was appointed, and then the Court could determine its sufficiency on demurrer, or if an issue to the country were joined upon the fact of having obtained letters, the question could be tried by a jury." (See also, *Gillah* v. *Fairchild*, 4 Denio, 83; *Forrest* v. *The Mayor etc.* 13 Abbott's Pr. 350.) "It is conclusively settled by authority, that a complaint commencing like the present, and containing no other allegations of the plaintiff's appointment, does not allege that he is an administrator, or show that he prosecutes in that capacity. The introductory statement is *discriptio personæ* only." (*Sheldon's Admr.* v. *Hay*, 11 How. Pr. 14.)

The complaint in the above case commenced: "A B, administrator of the goods, chattels, and credits of C D, deceased, complains," etc. (See Abbott's Forms, vol. 1, p. 140.)

"Under the Code it is not necessary or proper for a plaintiff, who sues as executor or administrator, to make profert of letters testamentary or of administration, as was requisite under the former practice. But it is necessary that the plaintiff should allege in a direct and issuable form that he is executor or administrator. This should be done by alleging that the plaintiff is executor or administrator by virtue of certain letters testamentary or of administration regularly issued by a surrogate of some county of this State, at the same time giving the name of the surrogate or of his county, and the time and place at which letters were granted." (Wait's Practice, vol. 2, p. 374.)

We have already shown that the plaintiff was obliged to sue in her representative capacity; and to make out her right to bring the action, or to entitle her to recover in the action, she was required to allege in her complaint that she was the personal representative of the estate of John Ferguson, deceased. There was no sufficient averment of that fact in the complaint, and no right of action was shown in the plaintiff.

Judgment reversed.

MYRICK, J., and SHARPSTEIN, J., concurred.