[No. 7,538.—Department Two.]

## FRANCIS MORA *v.* THEODORE LE ROY ET AL.

ACTION TO QUIET TITLE BY TRUSTEE—PARTIES—DEMURRER—CORPORATION SOLE.—In an action to quiet title the death of the original plaintiff was suggested pending the action, and immediately thereafter the present plaintiff (as his successor) filed an amended complaint, in the title of which he is styled plaintiff, and the original defendants and others, defendants, the complaint alleging, that the plaintiff is a sole corporation duly created and acting by and under authority of law under the name and style òf the Roman Catholic Bishop of Monterey, and that as such Bishop or sole corporation, he is the owner seized in fee of the land in controversy in trust for the use and benefit of the Roman Catholic Church of San Buena Ventura, and that the defendants claim an estate or interest in said land adverse to him. The defendants demurred, on the grounds that the complaint did not state facts sufficient to constitute a cause of action, and that it was ambiguous, unintelligible, and uncertain, and the demurrer having been sustained without leave to amend, judgment was entered in their favor. *Held,* First—That the defendants having voluntarily demurred to the amended complaint could not now be heard to object that the present plaintiff was not regularly substituted for the original, or that the additional defendants were not regularly made parties to the action. Second—That the complaint showed that the plaintiff had a sufficient interest in the land to enable him to maintain the action. Third—That the objection that it did not appear that the plaintiff had legal capacity to sue could not be availed of upon either of the grounds of demurrer stated in this case. Fourth—That the objection that the land in controversy was greater in quantity than could, under the law, be held by a sole corporation, could not be sustained, as he would at all events have a right to have his title quieted to the amount which the law allowed him to hold; and that it was, therefore, unnecessary to determine whether he could hold the quantity claimed in his complaint.

DEMURRER—AMENDMENT OF COMPLAINT.—Whenever a demurrer to a complaint is sustained on the ground that it does not state a cause of action, without leave to amend, the defendant is entitled to have a final judgment entered in his favor.

SURPLUSAGE—MOTION TO STRIKE OUT—PRACTICE.—The existence of superfluous matter in a complaint may be remedied by a motion to strike out.

APPEAL from a judgment for the defendant in the First District Court County of Ventura. FAWCETT, J.

*Thos. H. Smith,* for Appellant.

*B. S. Brooks,* for Respondent.

SHARPSTEIN, J.:

This action was originally commenced by the plaintiff's predecessor, Thaddeus Amat, "Roman Catholic Bishop of Monterey," whose death was suggested pending the action, and immediately thereafter the plaintiff filed an amended complaint, in the title of which he is styled plaintiff, and the defendants named in the original complaint and some others are styled defendants. The persons named as defendants in the amended complaint filed an answer thereto. Afterwards the plaintiff filed another and "last amended complaint," as it is styled, to which the defendants demurred on two grounds: 1. That it does not state facts sufficient to constitute a cause of action; 2. That it is ambiguous, unintelligible, and uncertain.

The record does not disclose how the plaintiff in the amended complaint was substituted for the one named in the original, or how the defendants other than those named in the original were made parties to the action, except that by answering the amended complaint they voluntarily made themselves parties to it, and can not now be heard to object that it does not appear that the present plaintiff was regularly substituted for the original, or that the additional defendants were regularly made parties to the action.

The demurrer was sustained without leave to amend the complaint, and a judgment ordered and entered, "that the complaint herein be dismissed for want of equity, and that the defendants go hereof without day, and that they recover from said plaintiff their costs of this suit taxed at $——."

Whenever a demurrer is sustained to a complaint on the ground that it does not state facts sufficient to constitute a cause of action, without leave to amend, the defendant is entitled to have a final judgment entered in his favor. As was said in *Bauman* v. *The New York C. R. R. Co.*, 10 How. Pr. 218: "The demurrer in this case is to the whole complaint, and the decision upon it is that the plaintiff has no right of action. Nothing remains to be done by the defendants after the decision but to have their costs adjusted, and to perfect judgment in their favor against the plaintiff."

And this brings us to the question whether the demurrer

was properly sustained. The object of the action, as disclosed in the prayer of the complaint, was to have a claim of the defendants, which was adverse to that of the plaintiff, to certain real estate, determined. The plaintiff alleges that he "is a sole corporation, duly created and acting by and under authority of law, under the name and style of the 'Roman Catholic Bishop of Monterey,' and that he is the lawful successor   *   *   *   to José de Jesus de Gonzales, formerly holding the office of Governor of the Mitre and Head of the Diocese of Santa Barbara in this State, in and for the benefit of the Roman Catholic Church," and as such Bishop, or sole corporation, he is the owner, seised in fee of certain real estate held by him in trust for the use and benefit of the Roman Catholic Church of San Buena Ventura, and that the defendants claim an estate or interest in said land adverse to him. This is followed by allegations to the effect, as we construe them, that a grant of lands, known as the "Ex-Mission of San Buena Ventura," was made to the predecessor of Poli, and in trust for the Church, and that Poli, as the successor of the original grantee, obtained a patent for said land and held it charged with that trust, and that the beneficiary of that trust renounced and exchanged the same for the Rancho Laguna, which is within said grant patented to Poli, as aforesaid. It is to this land that the defendants are alleged to claim an estate or interest adverse to the plaintiff, which he seeks in this action to have determined. The plaintiff alleges that he is the owner and seised in fee of this land, which is held in trust by him for the use and benefit of the Church. That, coupled with the other allegation that the defendants claim an estate or interest in said land adverse to him, presents a case of conflicting claims to real property.

That there is much in the complaint that is superfluous, we are ready to admit. But that could have been remedied by a motion to strike out.

We think that the complaint shows that the plaintiff has a sufficient interest in the land to enable him to maintain this action. (*Pierce* v. *Felter*, 53 Cal. 18.)

The objection that it does not appear that the plaintiff has legal capacity to sue can not be availed of upon either of the grounds of demurrer stated in this case. Whether the alle-

gation of the complaint in respect of the plaintiff being a sole corporation is sufficient or not, can not be determined upon a demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. Such a demurrer has no application to the capacity of the plaintiff to sue. (*The. Phœnix Bank* v. *Donnell,* 40 N. Y. 410.)

It being admitted that a sole corporation, such as the plaintiff claims that he is, could hold real estate not exceeding four full lots in a town or city, or twenty acres in the country in trust for a church, the question whether the plaintiff could so hold the quantity which he claims in his complaint in this action need not now be determined. If the complaint shows that the plaintiff is entitled to any relief, the demurrer was improperly sustained. His right to have his title quieted to four lots or twenty acres is not affected by his claim to have it quieted to one thousand acres or more.

Judgment reversed and cause remanded, with directions to the Superior Court of Ventura County to overrule the demurrur to the complaint, with leave to the defendants to answer within ten days after being notified of the overruling of said demurrer.

MORRISON, C. J., and MYRICK, J., concurred.