## DIAL v. TAPPAN.

1. An averment in the complaint that the plaintiff had been appointed by the Probate Court administrator with the will annexed, included an averment of the proper probate of the will, and of all else that was necessary to warrant such an appointment.
2. Where the complaint alleged the execution and delivery of a bond and mortgage by a citizen of this State covering lands here, the death of the mortgagee, and plaintiff's appointment as administrator, it substantially alleges that plaintiff is the owner and holder of the instruments sued on.
3. Where the allegations of the complaint show that the plaintiff is the owner and holder of the bond and mortgage in suit, not in his own right but in his capacity as administrator, the complaint will not be held bad on demurrer for a failure to state that the plaintiff sues as administrator.
4. A citizen of Massachusetts having died at his home possessed of a bond due by a citizen of this State, secured by mortgage of lands here situated, the administrator appointed in this State is the proper and only party to bring action here for the recovery of the debt.
5. The Circuit judge may direct the master to tax the costs in a chancery case, although it is the clerk's duty to insert the costs and disbursements in the final judgment.
6. In action for foreclosure, if the amount of the debt is not disputed, the court may order the defendant to pay the sum ascertained at a future reference to be due, and upon his failure so to do that the land be sold.

Before COTHRAN, J., Richland, October, 1881, and WITHERSPOON, J., July, 1882.

Action by George L. Dial, administrator of Asa Burke, against Henry L. Tappan, commenced June 6th, 1881. The opinion states the case.

The order of Judge Cothran overruling the demurrer was as follows:

It appears that these parties, in the same relation of plaintiff and defendants, and upon the same causes of action, have heretofore been in this court and in the Supreme Court. See 14 *S. C.* 573, and also *Ex parte Dial, Id.* 584. At the conclusion of the opinion of the court in the case last referred to, Simpson, C. J., says: "We may be permitted to say, that while the question

is not properly before us for adjudication, yet we have looked into the petition and we are unable to discover any sufficient reason for a change of the opinion already pronounced; that administration in this State is necessary to enable the party to foreclose the mortgage set forth in the complaint, and that we see no insuperable difficulty in the way of foreclosing the same after the will of Asa Burke, deceased, shall have been admitted to probate and letters of administration, with the will annexed, shall have been properly granted in this State."

The plaintiff, inspired perhaps by this suggestion, has renewed his suits, and now claiming to be properly qualified by the grant of letters of administration from the proper office, presents himself as *rectus in curia*. To each of his complaints, however, the defendants have interposed a demurrer upon several of the grounds recognized by the code of procedure, as appropriate for such form of defense. The legal effect of a demurrer is to admit the truth of every statement well pleaded in the complaint or answer, as the case may be. Amongst other allegations of these complaints is an averment of the indebtedness of the defendants in the manner set forth and stated therein. The admission of the demurrer then is of indebtedness on the part of the defendants to some one having the right to demand and have payment. I can conceive of no other right that a debtor has who acknowledges his debt, than to require of the court to see to it that he pay to the rightful claimant and to no other.

Howsoever beautiful may be the divine precept of forgiving our debtors their debts, courts of justice have never adopted it as a rule of action, but rather that of the exacting servant to whom a thousand talents had been forgiven by his master, and who straightway went out and seized by the throat a fellow-servant who owed him 100 pence, saying unto him, "Pay me that thou owest." The indebtedness of the defendants upon the several causes set forth in the complaints being conceded to Asa Burke in his life-time, shall they be required to pay the same to the plaintiff, who claims to be his legal representative?

Adopting the order in which the learned counsel for the defendants presented his argument upon the several demurrers, I shall consider as his first objection—the failure of the plaintiff to

sue as administrator. This hyper-technical objection has been recognized in some of the New York decisions as a good ground of demurrer, but more recent (and I think more rational) decisions hold that the defect is cured if it can be gathered from the averments of the complaint that the plaintiff sues in the capacity of administrator.

The plaintiff's complaints certainly exhibit a conspicuous absence of the most ordinary averments, such as (1) that as administrator he is the owner and holder, &c.; (2) that the deceased died possessed of the choses in action; and (3) to whom the money claimed and sued for is now due. Extraordinary omissions. It is averred, however, that the evidences of debt herein were delivered to the plaintiff's testator in his life-time, and that the plaintiff is the duly appointed and qualified administrator of the will of the said Asa Burke, and in the peculiar circumstances of this case I shall give to this appointment and qualification the largest possible legal operation, even to the extent of holding that these cover this multitude of extraordinary omissions.

The second objection is to the plaintiff's legal capacity to sue; (1.) Because it does not appear that the estate of the testator in the said bonds and mortgages passed to the plaintiff; (2.) Because it has not been alleged that the said will has been admitted to probate.

These bonds being secured by mortgages of real estate in South Carolina, even if they have been specifically bequeathed to citizens of Massachusetts, as has been suggested in argument, the legatees as such could not maintain their suits for foreclosure here, but would be compelled to come into the court for that purpose, through the Probate Court, as the plaintiff here has done. If this be true, and I take it to be undeniable, it is impossible for the defendants, after payment of their acknowledged indebtedness, to be again vexed upon the same causes of action, and this I hold to be the extent to which this court is bound to protect them.

As to the failure to allege probate of the will—the averment in the complaints is that the plaintiff, on May 11th, 1881, was duly appointed administrator, with the will annexed, of Asa Burke, deceased, by the Probate judge of Richland county.

The Court of Probate is a constitutional court of record, "with jurisdiction in all matters testamentary and of administration," and when its proper officer, upon application made to him, grants letters of administration and the grantee qualifies and appears as such administrator in this court, it is but the exercise of common comity to presume that all of that officer's acts in this regard have been properly performed. " *Omnia presumuntur rite.*" *Upson* v. *Horn,* 3 *Strobh.* 111.

In the case of *Abrams* v. *Moseley,* the defendant demurred to the complaint upon the ground that it did not appear from the complaint that the will in question had been admitted to probate in this State. The court say : " To sustain the demurrer would be an assumption that probate of the will has not been made in South Carolina, which would be equivalent to holding that the plaintiffs are obliged to set out in their complaint every element of proof necessary to sustain it. This would not be in accordance with any rule of pleadings with which we are familiar." Demurrer was overruled. 7 *S. C.* 151.

It is ordered, adjudged and decreed, that the demurrers to the said complaints be and the same are hereby overruled, and that the defendants have thirty days from the filing and notice of this judgment or decree within which to file their answers to the said complaints ; and upon their failure to do so within the time prescribed, that the plaintiff have leave to apply for such orders as he may be advised are necessary to obtain the relief sought in the several complaints herein.

To this decision the defendants excepted as follows :

1. Because his Honor erred in deciding that the complaint contained facts sufficient to constitute a cause of action on the part of the plaintiff as administrator of Asa Burke, deceased. Whereas his Honor should have sustained the demurrer, on the ground that "under the peculiar circumstances of this case," such "a multitude of extraordinary omissions" furnish the strongest reason for adhering to the established principles of pleading, first that the complaint must show the capacity in which the plaintiff brings his action, and, secondly, that in such capacity he is the real party in interest.

2. Because his Honor erred in deciding that, to sustain this

action, it was not necessary for the plaintiff to aver in the complaint that the will of the testator had been admitted to probate.

The decree of Judge Witherspoon was as follows:

The history of a former suit on the bond and mortgage embraced in this suit will be found in the case of *Dial* v. *Gary* and *Ex parte Dial*, reported in 14 *S. C.* 573 and 584.

There being no question that the testator, Asa Burke, died in Massachusetts, leaving a will in which no executor was appointed, and that the defendant, the obligor and mortgagor, resides in Richland county, South Carolina, it would appear clear that the Probate judge of Richland county, South Carolina, had jurisdiction to admit to probate the will of Asa Burke, deceased, and to grant letters of administration, with the will annexed, upon his estate. *Const., Art. IV.*, § 20. That the Probate judge of Richland county did exercise this jurisdiction is apparent from the records of the Probate Court and the testimony of the Probate judge introduced on the trial.

The letters of administration produced in evidence establish the representative character in which plaintiff sues. See *Belden* v. *Meeker*, 47 *N. Y.* 310. The bond and mortgage must be regarded and dealt with as assets to be administered in South Carolina, where the debtor resides. This debt can only be enforced and collected by the administrator, with the will annexed, in South Carolina. In *Ex parte Dial*, 14 *S. C.* 587, the court say: "That administration in this State is necessary to enable the party to foreclose the mortgage set forth in the complaint, and that we see no insuperable difficulty in the way of foreclosing the same after the will of Asa Burke, deceased, shall have been admitted to probate, and letters of administration, with the will annexed, shall have been properly granted in this State."

I find as matters of fact—

1. That on February 19th, 1873, the defendant, Henry L. Tappan, then and now a resident of Richland county, South Carolina, executed and delivered his bond to Asa Burke, conditioned to pay $2,500 one year thereafter, with interest at ten per cent. per annum. * * *

4. That Asa Burke died in Massachusetts in 1879, where he then resided, leaving a last will and testament, in which he did not nominate an executor; that letters of administration, with the will annexed, were duly granted by the Probate Court of Suffolk county, Massachusetts, to Philip Sowden.

5. That an exemplification of the will of Asa Burke was admitted to probate in the Probate Court of Richland county, South Carolina, on March 26th, 1881, and that letters of administration upon the estate of Asa Burke, with the will annexed, were duly granted by the Probate Court for Richland county, South Carolina, on May 11th, 1881, to the plaintiff.

I find as matter of law—

1. That the above entitled action is properly instituted by plaintiff, and that plaintiff is entitled to judgment of foreclosure.

It is therefore ordered, adjudged and decreed, that the plaintiff do recover of defendant the balance of the principal and interest due on the bond sued upon, and that it be referred to N. B. Barnwell, master for Richland county, to ascertain the balance of principal and interest due upon the bond sued upon in the above entitled action, and that he do tax the costs and disbursements in the above entitled action; that the said master shall give the plaintiff's and defendant's counsel five days' notice prior to his ascertaining the balance of principal and interest due by the defendant, as well as the taxation of costs herein directed.

It is further ordered, adjudged and decreed, that unless the defendant, on or before January 1st, 1883, shall pay to the plaintiff the sum of money to be ascertained by the master, as also the costs and disbursements to be taxed by the master as hereinbefore directed, that the mortgaged premises, or so much thereof, &c.

It is further ordered, adjudged and decreed, that plaintiff have leave to enter up judgment and issue execution against the defendant for any balance that may remain due by defendant to plaintiff after the application of the proceeds of the sale of the mortgaged premises as herein directed.

Defendant filed eight exceptions to this decree, but only the following were urged on the appeal:

3. That his Honor, the Circuit judge, erred in holding "that this action is properly instituted by the plaintiff;" whereas, he should have held that the plaintiff had no right, title or interest in the bond and mortgage, the subject-matter of the suit, and that he was not the real party in interest.

4. That his Honor, the Circuit judge, erred in holding "that the plaintiff is entitled to a judgment of foreclosure."

7. That his Honor, the Circuit judge, erred in directing the master "to tax the costs and disbursements in said action."

8. That his Honor, the Circuit judge, erred in adjudging "that unless the defendant, on or before January 1st, 1883, pay to the plaintiff the sum of money to be ascertained by the master, as also the costs and disbursements to be taxed by the master as hereinbefore directed ; that the mortgaged premises, or so much thereof as may be sufficient to raise the amount ascertained to be due by the defendant to the plaintiff for principal, interest and costs, and disbursements, be sold at public auction at the court house at Columbia, county of Richland, by the master of Richland county, on the first Monday in February, 1883."

*Messrs. Melton, Clark & Muller,* for appellant.

*Messrs. R. A. Lynch* and *L. F. Youmans,* contra.

November 2d, 1883. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The defendant, a citizen of Richland county, in this State, on February 19th, 1873, executed and delivered his bond to Asa Burke, a citizen of Massachusetts, conditioned to pay $2,500, and on the same day executed a mortgage to Burke of certain real estate in the city of Columbia to secure the payment of said bond. Burke afterwards, to wit, in 1879, died testate in Suffolk county, Massachusetts, the place of his residence. In October, 1879, letters of administration with the will annexed were granted to one Philip Sowden, by the Probate Court of Suffolk county, Massachusetts. In May, 1881, the plaintiff, a citizen of Richland county, obtained letters of administration with the will annexed on said estate from the Pro-

bate Court of said county, and in June thereafter instituted the above entitled action to foreclose the mortgage aforesaid.

The defendant demurred to the complaint: First. That plaintiff had no legal capacity to sue, because it does not appear that the estate of the testator in the said bond and mortgage passed to the plaintiff, and because it is not alleged that the said will has been admitted to probate. Second. That the complaint does not state facts sufficient to constitute a cause of action. This demurrer was heard by Judge Cothran, who overruled it, giving leave at the same time to the defendant to answer over. In due time the answer was put in, the defendant, however, filing exceptions to the decree overruling the demurrer. The case was finally heard by Judge Witherspoon, who pronounced judgment in favor of the plaintiff. To that judgment several exceptions were filed, and now the appeal comes up upon these exceptions, and the exceptions to the decree of Judge Cothran, which decree the appellant seeks to review, with the final judgment of Judge Witherspoon.

The first matter before us, therefore, in order, is the decree of Judge Cothran. The defendant excepts to this decree upon but one ground—or rather his exceptions may be condensed into one —as they present substantially but one question, which is, Does the complaint state facts sufficient to constitute a cause of action? the specifications being, that the complaint failed to aver, that the suit was brought by the plaintiff "as," or in the capacity of administrator; also, that the deceased died possessed of the chose in action; also, that the plaintiff as administrator was the owner and holder thereof; also, to whom the money claimed or sued ,for, was due; also, that the will of the testator had been admitted to probate. It is apparent that the complaint was not framed with that precision and minute accuracy which perhaps the old form of pleadings required, and which it would be best to observe even under the new, so as to prevent delay, prolonged litigation and technical controversies, yet, under the liberal spirit of the code, which looks more to substance than to mere form, we think that the decree overruling the demurrer was free from error.

Taking up the alleged defects to the complaint in the inverse

order in which they are presented, the first to be considered is, the objection that there was no averment that the will of the testator had been admitted to probate. The averment on this subject was, that the plaintiff had been appointed administrator with the will annexed, by the Probate Court of Richland county. This we think includes an averment of all that was necessary to warrant the Probate judge to make this appointment; and no authority need be cited to the point, that Probate judge could not have granted the letters prior to the probate of the will before him. All that was necessary to entitle the plaintiff to exercise and be clothed with the rights and powers of administrator, was a legal appointment as such by the Probate judge. Of course the officer making the appointment had to be a Probate judge, and the will had to be proved before him, and the appointment could not have been made without these prerequisites. But, as well said by Judge Cothran, the Court of Probate is a constitutional court of record having jurisdiction especially as to the appointment of administrators, and when an appointment is alleged in the complaint, and admitted in the demurrer, the maxim *omnia presumuntur rite* applies.    *Upson* v. *Horn*, 3 *Strobh.* 111; *Abrams* v. *Moseley*, 7 *S. C.* 151.    This applies when there is nothing to show that the Probate judge has transcended his jurisdiction.

Next, it is objected that the complaint did not allege that plaintiff was the owner and holder of the bond, or to whom the money was to go when collected. The complaint did allege, however, that the bond and mortgage had been executed and delivered to the testator in his life-time; that said testator was now dead; that plaintiff was his administrator; and he prayed judgment of foreclosure, and that the proceeds of sale be applied to this bond. Upon the principle that where a certain status exists at one time, this is presumed to continue, until the contrary appears, the averments, that the bond and mortgage were executed and delivered to the testator in his life-time; that said testator was now dead; that these papers were executed by a citizen of this State covering real property in this State, and that the plaintiff had been appointed administrator in this State, carried with them *prima facie* the legal conclusion, that such administrator was the legal owner and holder thereof. Legal con-

clusions are not expected to be alleged. In fact it is bad pleading to aver such conclusions. All that the complaint need contain is an allegation of the necessary facts leading to the conclusion. It is true, that it was essential to the maintenance of plaintiff's action, that he should be the legal owner and holder of the papers sued on, and, therefore, he should have alleged facts showing that he was such owner. This we think he has substantially done. Mr. Bliss says: "That an allegation that a bill or note is payable to or indorsed to the plaintiff, implies that he is the owner and holder, which need not be alleged." Citing *Farmers and Mechanics Bank* v. *Wadsworth*, 24 *N. Y.* 547. And further, "If the facts stated imply title, and he is still not the party in interest, it is matter of defense." *Bliss Code Pl.*, § 176.

It is next objected that plaintiff did not sue as, or in the capacity of administrator. In the case of *Bird* v. *Cotton*, 57 *Mo.* 568, the learned judge who delivered the opinion said: "The capacity in which the plaintiff sued was not as clearly stated as should have been. But the petition styled the plaintiff as executor, stated that the note was made payable to their testator, averred his death, and then brought their letters into court and made *profert* of them. All these facts taken together showed unmistakably the capacity in which the plaintiff sued, and their right to sue, and enables any person to know what was intended." So we say here. "No form of words is absolutely essential to show the plaintiff's authority. The pleading is not demurrable if the facts appear substantially, or even obscurely, provided it appear. But the true way is to allege directly the death of the decedent, that letters of administration upon the estate, or testamentary, as the case may be, were issued to the plaintiff upon a day named and by a court named, and that he is still acting as such administrator or executor." *Bliss*, § 265.

No doubt it is necessary that the character in which the plaintiff sues should appear in the complaint, but it seems that so this appears substantially in the body of the complaint, or in the complaint taken as a whole, this will be sufficient. True, the defendant should not be taken by surprise. He has the right

too to know, whether he is called upon by the proper party, but it would be trifling with justice to permit a party to evade the payment of a just debt on the alleged ground, that his creditor has not stated in terms that he is the owner and holder of the note sued on, when all the allegations in the complaint show that he is such owner and holder; especially as the court no doubt will entertain a motion to make the complaint more precise where the defendant is doubtful on the subject.

The exceptions to Judge Witherspoon's decree raise two questions. 1. Has the plaintiff Dial in his representative character any title to, or interest in the bond in question? And, 2. Whether the Circuit judge erred in directing the master to tax the costs and disbursements, and in adjudging a sale of the property, unless on or before January 1st, 1883, the defendant paid the debt as well as the costs and disbursements to be taxed by the master. We have no hesitation in affirming the ruling of the Circuit judge as to the first question. The testator died at his home in Massachusetts. At the time of his death he held this bond and mortgage on the defendant, at that time and since a resident of this State. The plaintiff has administered in this State with the will annexed. We hold that whosoever may be the real parties in interest as to said bond and mortgage, yet that this administrator may sue thereon. In fact the debt could not be collected in the courts of this State without administration. Ordinarily, it is true, that the real parties in interest must sue. But this does not apply to executors, administrators or trustees of an express trust. In every administration there are parties behind the administrator, who are more interested than he— creditors, distributees and legatees in case of will—and to require all these to be made parties in every suit by the administrator, besides destroying the symmetry and logic of the law in such cases, would also occasion interminable difficulties and delays in the settlement of estates.

As to the matter of taxing the costs and disbursements by the master under the order of the court, this presents some difficulty but we think the exception should be overruled. The act of assembly creating the office of master for Richland county, 16

M

*Stat.* 609, invests the master with all the powers, &c., which formerly belonged to masters and commissioners in equity under the act of 1840, not inconsistent with the code. Now the sixth section of the act of 1840, provided, that masters in equity shall attend the sittings of the Court of Equity, &c., "and they shall also, without order, tax the costs of any suit in said court upon application of any party thereto, after due notice to the adverse party." The act creating the master for Richland was approved March 22d, 1878. At that time there was nothing in the code inconsistent with the above provision of the act of 1840.

It is true the code then provided by section 337 (old), that the clerk should insert in the judgment the costs and disbursements; and this section is still retained since the fee bill has been amended, or rather substituted, by a new one by the act of 1880, (17 *Stat.* 303,) but it is nowhere stated that the costs and disbursements shall be taxed by the clerk exclusively. The clerk is to insert in the entry of judgment, on application of the prevailing party, upon five days' notice, &c., the sum of the allowances for costs as provided in the code, the necessary disbursements, &c., and the clerk alone can insert in the judgment these costs; but there is nothing inconsistent with this duty of the clerk that the Circuit judge in an equity cause should, preparatory to an insertion into the judgment of the costs in such a cause, order the officer of the court created to aid the court in such cases, to estimate the costs and disbursements. In chancery cases the court has control of the question of costs. *Code*, § 323. Before judgment is entered for the costs the clerk would still have to insert them under the law prescribing his duty in that respect. All that can be said of the taxing by the master is, that it might be regarded as unnecessary work.

The point which is impliedly raised in the eighth ground of appeal cannot be sustained under the circumstances of this case. It is quite true that in actions for foreclosure, the proper course is to ascertain the amount due on the mortgage debt, either by a reference to the master, or other recognized "proper mode," before an order of sale is made, so that the defendant may have an opportunity of contesting the amount so ascertained.

But in this case no issue was made in the pleading as to the amount due on the bond secured by the mortgage. The defendant did not deny his liability to some one for said amount; the Circuit judge might, therefore, without a reference to the master, have ascertained the amount; but regarding it doubtless as a mere matter of arithmetical calculation, he simply directed the master to make such calculation instead of making it himself, as he might have done. It is not like the case of *Childs* v. *Frazee, MS. Dec. No.* 843, filed March 24th, 1880, where there was a failure to decide one of the issues made in the proceeding. We do not think, therefore, that this would furnish a sufficient ground for sending the case back, especially as it is not even now suggested that any error has been committed in making the calculation of the amount due on the mortgage debt.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.