## MILLAN v. HOOD.

### No. 14,756; September 1, 1892.

#### 30 Pac. 1107.

New Trial—Statement.—Code of Civil Procedure, section 659, subdivision 3, provides that, if a notice of motion for a new trial designates that the motion will be made upon a statement of the case, on the grounds of insufficient evidence and errors of law, the statement must specify wherein the evidence is insufficient, and the particular errors relied upon, otherwise it must be disregarded on the hearing of the motion. Held, that if the statement on which such a motion was made does not make the specification required, the motion should be denied.

Pleading.—The Overruling of a Demurrer to a Cross-complaint, which makes the issue identical with that raised by the original pleadings, does not prejudice the party demurring.

APPEAL from Superior Court, Placer County; B. F. Myres, Judge.

Action by W. G. Millan against Christopher Hood to enforce a trust in land. Judgment for defendant. Plaintiff appeals. Affirmed.

John M. Fulweiler and Ben. P. Tabor for appellant; A. L. Hart and F. P. Tuttle for respondent.

VANCLIEF, C.—Action to enforce an alleged trust in land. Judgment for defendant, from which and from an order denying his motion for a new trial the plaintiff appeals.

1. The notice of intention to move for a new trial stated, as the grounds upon which the motion would be made, only insufficiency of the evidence to justify the findings and errors in law committed at the trial. It further stated that the motion would be made "upon a statement of the case." But the statement of the case, which was thereafter made and allowed by the court, contains no specifications of any particular in which the evidence is insufficient to justify the findings nor of any error in law committed by the court. Therefore, in obedience to section 659 of the Code of Civil Procedure, the trial court must have disregarded the statement, and consequently did not err in denying the motion for a new trial.

2. The plaintiff demurred to the following addition to the answer of defendant, on the ground that the same does not' state facts sufficient to constitute a cause of action against the plaintiff: "And further answering, and for a cross-complaint, the defendant avers: (1) That he now is, and for a long time prior to the commencement of this action he was, the owner, in the possession and entitled to the possession of all that certain real estate described in the complaint, and particularly described as follows, to wit: The east half of the southwest quarter, and the southeast quarter of the northwest quarter, of section 13, in township 14 north, range 9 east, Mount Diablo base and meridian; (2) that the plaintiff herein claims some interest in said property adverse to the said defendant, but that said claim of plaintiff is without any right whatever, and that the said plaintiff has not any estate, right, title or interest whatever in said land or premises, or any part thereof." The court overruled the demurrer, and thereupon plaintiff's counsel, who was present in court at the

time, asked the court to allow him twenty days' time in which to answer the so-called cross-complaint, and the court granted his request, but, plaintiff having failed to answer within twenty days, the clerk entered his default. Thereupon the plaintiff moved the court to open the default, and for leave to answer the alleged cross-complaint, on the grounds that the default "was improperly entered, and, if properly entered, was the result of mistake, inadvertence, and excusable neglect." The motion was presented and heard on affidavits, and the proffered answer to the cross-complaint. The court denied the motion and plaintiff excepted. This motion, with the affidavits, proposed answer, minutes of the court, and other facts upon which it was heard, are made to appear by a·bill of exceptions, settled and allowed before the trial, which may be considered on the appeal from the judgment. It is contended by counsel for appellant that the court erred in overruling the plaintiff's demurrer to the so-called cross-complaint, and also in denying plaintiff's motion to open the default and to allow the plaintiff to file his proposed answer.

So far as the averments in the alleged cross-complaint are material, they are mere repetitious facts alleged in the answer or in the complaint. They tendered no issue not made or tendered by the answer. They might have been stricken out without necessitating any change in the trial of the case. All the averments of the so-called cross-complaint were redundant, superfluous, and, upon motion, should and probably would have been stricken out (Code Civ. Proc., sec. 453; Mora v. Le Roy, 58 Cal. 8) ; yet the plaintiff could not have been injured by them, since, so far as they were not mere repetitions of material parts of the answer which constituted a valid defense, they affirmed only that plaintiff claimed the property in question adversely to defendant, which he expressly admitted in his proffered answer to the alleged cross-complaint, and which is in perfect accord with his complaint, and there is in his said proffered answer no denial of any averment of the alleged cross-complaint, except the averment that defendant is the owner of the property in controversy, and the issue made by this denial is identical with an issue raised by the pleadings independently of the alleged cross-complaint. Were it deemed necessary, the action of the court probably might be justified on other grounds, furnished by

the bill of exceptions; but, conceding that the court erred, it is sufficiently apparent that plaintiff's cause could not have been prejudiced thereby. I think the judgment and order should be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.