KNIGHT ET AL., RESPONDENTS, *v.* LE BEAU, APPELLANT.

[Submitted February 8, 1897. Decided February 15, 1897.]

*Action by Administrator — Pleading — Appointment — Demurrer, Grounds of—Practice.*

Under section 745, Code of Civil Procedure 1895, it is not necessary to state in a complaint by an administrator the facts showing jurisdiction of the court to grant letters; it is sufficient to state that letters were duly given and made; the better practice, however, is to state the facts.

DEMURRER—*Stating Grounds.*—That the plaintiff has no legal capacity to sue, is a separate ground of demurrer, distinct from the grounds of "facts insufficient to constitute a cause of action" and from the ground of "uncertainty," cannot be considered unless specified in the demurrer.

SAME.—Unless it appears upon the face of the complaint that the court has no jurisdiction of the subject matter, a demurrer will not be sustained on that ground.

SAME.—A complaint in an action by an administrator is not subject to a demurrer on the ground that it is unintelligible and uncertain because it does not state the date of the death of deceased.

*Appeal from District Court, Gallatin County. F. K. Armstrong, Judge.*

ACTION by J. A. Knight and another, as administrators with the will annexed of the estate of George Henry Godwin, deceased, against Peter Le Beau. From a judgment for plaintiffs on the pleadings, defendant appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

The paintiffs' complaint in this action is as follows: "The plaintiffs complain of the defendant, and allege: First. That on the 25th day of November 1895, the plaintiffs were duly and legally appointed administrators with the will annexed of the estate of George H. Godwin, deceased; and that on the 12th day of December, 1895, they duly qualified as such administrators, and letters of administration with the will annexed of said estate, were duly and and legally issued to them and each of them; and that they and each of them have ever since been, and now are, the duly and legally appointed, qualified, and acting administrators with the will annexed of the estate

of George Henry Godwin, deceased. Second. That on the 2d day of January, 1893, at Park Ranch, Cherry Creek, Madison county, Montana, the defendant made, executed, and delivered to the said George Henry Godwin his promissory note in writing, bearing date on that day, which promissory note reads in words and figures following, to-wit: '$500. Park Ranch, Cherry Creek, Madison Co., Montana, January 2d, 1893. One day after date I promise to pay Geo. H. Godwin or order, for value received, five hundred dollars, with interest at ten per cent. per annum both before and after maturity. January 2d, 1893. P. Le Beau.' Third. That, at the time of the appointment of plaintiffs as administrators with the will annexed of said estate as aforesaid, said note was a part of the assets of said estate, and the property thereof, and the same came into the hands of these plaintiffs, as administrators aforesaid, as the property of said estate; and plaintiffs have ever since been, and now are, the lawful owners and holders of said promissory note. Fourth. That the defendant has not paid said note, or any part thereof, or any interest thereon, but that the principal sum mentioned in said note, with interest thereon at the rate of ten per cent. per annum from the 2d day of January, 1893, is now wholly due and unpaid, and justly owing from defendant to plaintiffs, as administrators aforesaid. Wherefore plaintiffs pray for judgment against the defendant for the sum of $500, with interest at the rate of 10 per cent. per annum from the 2d day of January, 1893, together with all costs of this action, and for all other proper relief.'' To this complaint the following demurrer was filed: ''Comes now the defendant in the above entitled action, and demurs to the complaint therein on the following grounds: First. The complaint does not state facts sufficient to constitute a cause of action. Second. The court hâs no jurisdiction of the subject of the action. Third. The said complaint is unintelligible and uncertain in the following particulars: (1) It cannot be ascertained from said complaint when or where said George H. Godwin died. (2) It cannot be ascertained from said complaint when or by what means

said cause of action accrued to plaintiffs, if ever." The demurrer was overruled, and, the defendant declining to answer, judgment was rendered in favor of plaintiffs as prayed for. The appeal is from the judgment.

*Luce & Luce,* for Appellant.

*Hartman Bros. & Stewart,* for Respondents.

BUCK, J.—We have before us in this appeal able and elaborate briefs on interesting questions of pleading, and have given the arguments of respective counsel the most careful consideration. Does the complaint state a cause of action? We think it does. It is true that the averments as to the legal capacity of plaintiffs to sue are very defective. Properly the pleading should have shown by direct averment that Godwin died leaving a will; that a court of this state (naming it) duly made orders admitting said will to probate, and issuing letters of administration with the will annexed to plaintiffs. See 1 Estee, Pl. & Prac. § 419. Section 745, Code of Civil Procedure 1895, is as follows: "In pleading a judgment, or other determination of a court, officer or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading must establish on the trial the facts conferring jurisdiction." Under the old common-law rule, in pleading an order of an inferior court, the jurisdictional facts preceding it had to be set forth. Section 745, *supra,* has changed the old rule, but certainly was not designed to countenance the careless omissions we have mentioned. We strenuously condemn such laxity in pleading. See *Halleck* v. *Mixer,* 16 Cal. 574; *Bird* v. *Cotton,* 57 Mo. 568. One of the specific grounds for demurrer designated in section 680 of our Code of Civil Procedure of 1895 is "that the plaintiff has not the legal capacity to sue." Of course, under said last-named section, a demurrer on this ground lies only when the legal incapacity appears on the face of the complaint. See *Herbst Importing Co.* v. *Hogan,* 16 Mont. 384,

41 Pac. 135. But a demurrer on the ground of want of legal capacity is something entirely distinct from one which raises the objection that a complaint does not state facts sufficient to constitute a cause of action. When one of these two separate grounds is the basis of a demurrer, the other cannot be considered. See Pom. Rem. (2d Ed.) § 208; *Fulton Insurance Co.* v. *Baldwin*, 37 N. Y. 648; *Phoenix Bank* v. *Donnell*, 40 N. Y. 410; *Debolt* v. *Carter*, 31 Ind. 355; *Cone Ex. & Commission Co.* v. *Poole*, 24 L. R. A. 289, 19 S. E. 203; *Mora* v. *Le Roy*, 58 Cal. 8; *Phillips* v. *Goldtree*, 74 Cal. 151, 13 Pac. 313, and 15 Pac. 451; *Miller* v. *Luco*, 80 Cal. 257, 22 Pac. 195; *Halleck* v. *Mixer*, 16 Cal. 574; and *Bird* v. *Cotton*, 57 Mo. 568.

The actual cause of action in the complaint under review is the unpaid promissory note executed by defendant to the decedent, Godwin. The capacity in which a plaintiff sues is not necessarily an essential element of the cause of action stated in his complaint. See authorities last cited. In *State* v. *Matson*, 38 Mo. 489, and *Judah* v. *Fredericks*, 57 Cal. 389, which are the main precedents relied upon by appellant, the courts evidently proceeded upon the theory that the right of the party to recover is an essential element of the cause of action he states. We can readily understand that the right to recover may be regarded as an element of the cause of action, under certain circumstances. For example, if it appears on the face of the complaint that the plaintiff is in no wise connected with the cause of action, and has clearly no right to recover on it, a general demurrer would lie. (See *Berkshire* v. *Shultz*, 25 Ind. 523.) But there is a manifest distinction between a complaint which fails to show any capacity to sue, or any right to recover, and one which only defectively sets forth the capacity or right. In the two cases relied upon by appellant, cited *supra*, we think the courts overlooked this distinction. For in both of these cases there were allegations showing that the plaintiffs sued as executors of decedents, however defective they may have been. Between a right to recover and the want of legal capacity designated as a ground for demurrer in section 680, Code of Civil Procedure 1895,

the difference may not, at times, seem very clear. But if a right to recover is to be regarded as an essential element of the cause of action stated, to such an extent as to include the capacity to sue, then such a doctrine, carried out logically, would completely nullify the specific statutory ground of demurrer for want of legal capacity to sue. We cannot follow any such doctrine, even if the cases of *State* v. *Matson* and *Judah* v. *Fredericks, supra,* and others cited by appellant, do follow and teach it. For the purposes of the general demurrer to the complaint because it fails to state a cause of action, we must accept as conceded that the plaintiffs were the administrators of Godwin, that Godwin was dead, and that the note sued upon is in their hands as administrators of his estate. However defective the allegations, these facts are clearly inferable. Under the general rule that there is no presumption against the pleader, we cannot infer from these averments that Godwin is alive, that he left no will, and that a court qualified to do so did not duly issue letters of administration with his will annexed to plaintiffs. Appellant has cited the case of *Harmon* v. *Cattle Co.*, 9 Mont. 243, 23 Pac. 470, and *Weaver* v. *English*, 11 Mont. 84, 27 Pac. 396. We do not think these cases apply in the present appeal. In the former a judgment of an inferior court was relied upon as a cause of action, and the court held that the said judgment was not properly pleaded in the complaint. In the latter, the judgment of the inferior court was relied upon as the gist of a defense, and the court held also that it was not properly pleaded.

Another ground of demurrer relied upon by appellant is that the court had no jurisdiction of the subject-matter of the action. Lack of jurisdiction does not appear on the face of the complaint.

Again, appellant urges that the complaint is unintelligible and uncertain, inasmuch as it cannot be ascertained when or where said Godwin died. But appellant is not injured by such omissions in the complaint. The demurrer was properly overruled in this respect.

Again, appellant urges that the complaint is unintelligible

and uncertain because it cannot be ascertained therefrom when or by what means a cause of action accrued to the plaintiffs, if it ever did accrue. The answer to this ground of demurrer is contained in the reasons we have set forth in treating the first ground, namely, that the complaint does not state facts sufficient to constitute a cause of action. If the defendant had wished to test the right or capacity of plaintiffs to sue on the note to Godwin, he should have filed an answer. For these reasons the judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.