CONE &c. COMPANY v. POOLE.

1. FOREIGN CORPORATION—RIGHT OF ACTION.—Where a complaint alleges that plaintiff is a corporation, chartered in another State, that it sold to defendant certain specified goods at named dates, at an agreed price, and that the account is past due and unpaid, the complaint cannot be held on demurrer to show a want of capacity in plaintiff to sue in the courts of this State; nor be held for this or other reason to fail in stating facts sufficient to constitute a cause of action.

Before WITHERSPOON, J., Laurens, September, 1893.

Action by Cone Export and Commission Company against J. T. Poole, commenced September 26, 1892.

REP.]                    November Term, 1893.

*Messrs. Johnson & Richey*, for appellant.

*Mr. W. H. Martin*, contra.

March 12, 1894.    The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.    The question presented by this appeal arising upon a demurrer to the complaint, it is necessary to set forth the complaint, viz:    .

"I. That the said plaintiff, Cone Export and Commission Co., is a corporation, created as such by and under the laws of the State of New Jersey.    II. That on the days and dates, and at the prices set forth in an itemized, verified copy of account hereto attached, and made a part of this complaint, the said plaintiff, under its corporate name, sold and delivered to the said defendant, at his request, and the said defendant bought of said plaintiff goods, wares, and merchandise of the value of one hundred and fifteen and 88–100 dollars.    III. That the said goods, wares, and merchandise, sold and delivered and bought as aforesaid, were reasonably worth the sum of one hundred and fifteen and 88–100 dollars, and the said defendant promised and agreed to pay the said sum for same within sixty days after the sale and  delivery of said goods, wares, and merchandise. IV.  That said account for said goods, wares, and merchandise is past due and wholly unpaid, and the said defendant is now justly due and owing said plaintiff on said account the sum of one hundred and fifteen and 88–100 dollars," and a  regularly itemized copy of the account was attached to the complaint.

The defendant filed a demurrer in writing, upon the ground "that it appears upon the face of the complaint: I. That the plaintiff has no legal capacity to sue.    II. That the complaint does not state facts sufficient to constitute a  cause of action." The Circuit Judge, in a  short order, and without stating his reasons, or on which of the grounds he acted, rendered judgment sustaining the demurrer and dismissing the complaint. From this judgment the plaintiff appeals upon two grounds, substantially, the third ground set out in the record being merely the legal consequence of the other two grounds, viz: 1st. Because of error in holding that the complaint showed

upon its face that the plaintiff had no legal capacity to sue. 2d. Because of error in holding that the complaint does not state facts sufficient to constitute a cause of action.

As to the first ground, it is very apparent that all that the complaint shows upon its face is that the plaintiff is a foreign corporation, and unless it can be shown that the mere fact that a plaintiff is a foreign corporation, deprives such plaintiff of the capacity to sue in the courts of this State, it is quite certain that the demurrer cannot be sustained on the first ground. No authority to sustain such a proposition has been, and, we may venture to say, can be, cited. On the contrary, the authorities are abundant to show that a foreign corporation does have the capacity to sue in States other than the State from which its charter has been obtained. *Bank of Augusta* v. *Earle*, 13 Pet., 519, in which Mr. Chief Justice Taney, in delivering the opinion of the court, uses this language: "We think it is well settled that, by the law of comity among nations, a corporation created by one sovereignty is permitted to make contracts in another, and to sue in its courts; and that the same law of comity prevails among the several sovereignties of this Union." See, also, *Christian Union* v. *Yount*, 101 U. S., 352; and, in our own State, see *Bank of Cape Fear* v. *Stinemetz*, 1 Hill, 44; *Kerchner* v. *Gettys*, 18 S. C., 521. It is clear, therefore, that the demurrer cannot be sustained on the first ground.

We infer, however, from the argument here that respondent's counsel did not intend to question the general proposition which we have been considering, whether a foreign corporation has capacity to sue in the courts of this State, but that his real point is that, unless a complaint brought by a foreign corporation contains allegations showing that such corporation has, by its charter, been invested with the power to contract and to sue, it cannot maintain an action in the courts of this State. But this point cannot be raised by a demurrer, upon the ground that the complaint shows on its face that the plaintiff has no capacity to sue, for the complaint does not show anything of the kind. The most that can be said is that the complaint fails to show that the plaintiff has been invested with power to

sue, but such omission affords no ground for demurrer, as it is based upon a *defect* (if defect it be) in the complaint, and not upon what it shows on its face. The Code, in section 165, allows a demurrer only *when it appears upon the face of the complaint,* "that the plaintiff has not legal capacity to sue," and, as that does not appear upon the face of the complaint in this case, it is clear that the demurrer cannot be sustained on the first ground, as the Code does not provide for a demurrer on the ground of any omission in the complaint, except an omission to state facts sufficient to constitute a cause of action.

This brings us to a consideration of the second ground of demurrer, based upon subdivision 6 of section 165 of the Code. Taking up, first, the omission to allege in the complaint that the plaintiff was invested, by its charter, with the power to sue; that fact could relate only to the capacity to sue, and was not one of the facts necessary to constitute plaintiff's *cause of action,* and, hence, would afford no ground for a demurrer, under subdivision 6 of section 165 of the Code, as was distinctly held in the recent case of *Ober* v. *Blalock,* 40 S. C., 31. Next, as to the allegations which *do* relate the facts constituting plaintiff's cause of action, we are unable to discover any omission there. It is distinctly alleged in the complaint that the plaintiff sold and *delivered* to the defendant, *at his request,* the goods specified at the prices named; that said goods were reasonably worth the amount charged; that the defendant *promised and agreed* to pay the sum charged, within sixty days after the sale and delivery of said goods; and that, though the time limited for such payment has elapsed, no payment has been made, and the said sum is still due. If these allegations are not sufficient to constitute a cause of action in favor of the plaintiff against the defendant, we are at a loss to conceive what would be sufficient.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for the purpose of enabling the plaintiff to recover judgment for the amount which the defendant has, by his demurrer, admitted to be due by him to the plaintiff.