LAWSON v. GEE.

1. PLEADINGS—AMENDMENTS—DISCRETION—APPEAL.—MOTION for leave to amend pleadings is addressed to discretion of Circuit Judge, and is not appealable unless there is abuse of discretion.

2. DEMURRER—PRACTICE.—Portions or paragraphs of a defense cannot be demurred to because they do not state facts sufficient to state a defense. Practice indicated where parts of a defense are indefinite or uncertain, and demurrer thereto is desired.

3. LACHES—ADMINISTRATOR.—FAILURE to issue execution against administrator may be set up as laches by surety on his bond.

Before GARY, J., Union, June term, 1899. Affirmed.

Action by H. C. Lawson, Mattie Scaife, H. P. Grady and Jesse Jolly, against R. T. Gee, executor of M. G. Humphries, F. M. Farr and Wm. Munro. From order permitting defendant, Munro, to amend answer and overruling demurrer thereto, plaintiffs appeal.

*Mr. J. Clough Wallace,* for appellant, cites: *As to error in accounting being a defense:* 49 S. C., 253; 2 Bail., 202; 2

Rich., 462; 5 Rich., 68.   *As to laches:* 49 S. C., 7; 2 Brev., 3; 28 S. C., 105; Rich. Eq. Ca., 77; 3 Rich., 121; 2 DeS., 226; 4 DeS., 227; 11 S. C., 593.

*Mr. D. E. Hydrick,* for Munro, contra.

April 21, 1900.   The opinion of the Court was delivered by

Mr. Justice Gary.   The record contains the following statement of facts: "This is an action by the unpaid creditors of M. M. Humphries, deceased, against the sureties on the administration bond of R. T. Gee, as administrator of M. M. Humphries, who qualified on September 15th, 1881. The bond is in the form required by the statute.   R. T. Gee, as such administrator, accounted in a creditors' bill in the Court of Common Pleas, entitled R. T. Gee, as administrator of M. M. Humphries, plaintiff, against Mary G. Humphries *et al.,* defendants.   Upon said accounting R. T. Gee was decreed to be indebted to his intestate's estate in the sum of $5,680.90, on the 20th day of September, 1897, together with $155.95 costs, and the decree of the Court provided that H. C. Lawson and other unpaid creditors might enter up the judgment therefor, which was done.   The amount decreed to be due not having been paid, this action was brought on the bond of R. T. Gee, as such administrator,  which was joint and several, and dated and executed September 15th, 1881.   The case came on to be heard at the June term of the Court, 1899, for Union County, before his Honor, Judge Gary, and a jury.   Upon the reading of the answer of William Munro (the only defendant who appeared or answered), plaintiffs interposed several oral demurrers to the several matters set up as defenses in paragraph 1 (except the denial), 2, 3 and 4 of the answer upon the ground that they did not state facts sufficient to constitute a defense.   His Honor sustained plaintiffs' several demurrers and struck out the paragraphs and part of paragraph demurred to from the answer, and against the objection and exception of plaintiffs,

allowed defendant to amend the answer, as will appear from
the order. Upon the reading of the amended answer, plain-
tiffs again interposed several oral demurrers to the several
matters alleged as defenses in the several paragraphs thereof,
numbered 2, 3 4 and 5, upon the grounds that the facts
therein stated did not constitute a defense, and also moved to
strike out paragraph 5 as unauthorized. His Honor over-
ruled the demurrers and refused the motion to strike out
paragraph 5. Plaintiffs gave notice of intention to appeal;
the case was withdrawn from the jury, and this appeal ques-
tions the correctness of his Honor in allowing defendant to
amend his answer by properly pleading the laches of plain-
tiffs and in overruling plaintiffs' demurrers to the amended
answer, and in refusing plaintiffs' motion to strike out para-
graph 5."

The Circuit Judge allowed the defendant, Wm. Munro, to
amend his answer, among other things, "by properly plead-
ing the laches of the plaintiffs;" and granted the following
order, overruling the demurrer and refusing the motion here-
inbefore mentioned : "The defendant, William Munro, hav-
ing served his amended answer, and upon the reading thereof
plaintiffs having interposed several oral demurrers to each of
the five paragraphs of said amended answer, upon the ground
that the facts therein stated were not sufficient to constitute a
defense, and having moved to strike out paragraph 5 as new
matter not authorized by the order of amendment, upon
hearing argument, ordered, that the demurrer and motion be
and are overruled."

The plaintiffs appealed upon exceptions, the first of which
assign error on the part of the presiding Judge as follows :
"1. In allowing defendant to amend his answer by properly
pleading the laches of plaintiffs, when laches could
under no circumstances constitute a defense to this
action." It rests within the discretion of a Circuit
Judge whether he will allow the amendment of a pleading,
and his action in allowing such amendment is not the subject

of appeal, unless there has been an abuse of his discretion, which we fail to find in this case.

The second, third, fourth, fifth, sixth and seventh exceptions are as follows: "2. In overruling plaintiffs' demurrers to the first matters and item alleged in paragraph 2 of the amended answer, as an error in the accounting, when the facts alleged do not constitute a defense. 3. In overruling plaintiffs' demurrer to the matters and item second alleged in paragraph 2 of the amended answer as error in the accounting, when the facts alleged do not constitute a defense. 4. In overruling plaintiffs' demurrer to the matters and item third alleged in paragraph 2 of the amended answer, as error in the accounting, when the facts alleged do not constitute,a defense. 5. In overruling plaintiffs' demurrer to paragraph 3 of the amended answer, when the facts alleged therein do not constitute a defense to this action. 6. In overruling plaintiffs' demurrer to paragraph 4 of the amended answer, when the facts alleged do not constitute a defense to this action. 7. In overruling plaintiffs' demurrer to paragraph 5 of the amended answer, when the facts alleged do not constitute a defense to this action." Rule XVIII. of the Circuit Court is as follows: "In all cases of more than one distinct cause of action, defense, counter-claim or reply, each shall be separately stated and numbered * * * A motion to dismiss a complaint or answer on the ground that the complaint does not state facts sufficient to constitute a cause of action, or the answer does not state facts sufficient to constitute a defense, may be made orally, but the grounds upon which said motion is made must be reduced to writing by the counsel submitting the same, or taken down by the stenographer under the direction of the Court, stating wherein the pleading objected to was insufficient." There was a failure to comply with the requirement of this rule, as the only ground of demurrer urged by the plaintiffs was that the paragraphs of the answer mentioned in the exceptions did not state facts sufficient to constitute a defense. But, waiving this objection, there is another which is fatal to the said

exceptions. The demurrer was not interposed to the entire defense set up in the answer, but to certain paragraphs thereof. In the case of *Buist* v. *Salvo,* 44 S. C., 143, the Court says: "Section 166 of the Code provides that the demurrer may be taken to the whole complaint, or to any of the alleged causes of action stated therein, but it nowhere provides that a demurrer may be interposed to a part of a cause of action. The same principle applies when the demurrer is to a defense. If the plaintiff desired to demur to certain defenses, and they were not especially stated, he should have made a motion to have the pleadings made more definite and certain, and when this was done, should have made a motion to strike out such paragraphs or portions thereof as were irrelevant, as provided by section 181 of the Code, which is as follows: 'If irrelevant or redundant matter be inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby. And when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the Court may require the pleadings to be made definite and certain by amendment.' A demurrer cannot be sustained which is good only as to certain paragraphs of a defense." This case disposes of the question presented by said exceptions, and shows that they cannot be sustained.

The eighth exception alleges error as follows: "8. In refusing plaintiffs' motion to strike out paragraph 5 of the amended answer, as being unauthorized by the order of amendment." Paragraph 5 is as follows: "5. This defendant further alleges that no execution has ever been issued on the alleged judgment mentioned in the complaint, and that no return of *nulla bona* or other has ever been made upon any execution issued against the property of said R. T. Gee, held by him either as such administrator or in his own right, and he pleads the failure to issue such execution and obtain a return thereon, or to subject the property of the said R. T. Gee to the payment of said judgment, in bar of this action." As hereinbefore stated, the Circuit Judge

granted an order allowing the defendant, William Munro, to amend his answer, "by properly pleading the laches of plaintiffs." The allegations set forth in pargraph five tend to show laches on the part of the plaintiffs, and there was no error in refusing to strike out said paragraph.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.