## 10576

SCHEPER et al. v. SCHEPER et al.

(106 S. E. 33)

1. PLEADING—UNNECESSARY AVERMENT DOES NOT RENDER COMPLAINT DEMURRABLE.—A part of an executor's complaint for partition and sale of an estate suggesting a possible contest between the daughter and the husband of a deceased heir was entirely proper, but legally gratuitous, and a demurrer thereto should not have been entertained.

2. PLEADING—DEMURRER WILL NOT LIE TO A PART OF CAUSE OF ACTION.—In view of Code Civ. Proc. 1902, § 166, providing that a demurrer may be taken to the whole complaint or to any alleged cause of action therein, but not providing that a demurrer may be interposed to a part of a cause of action, a demurrer to a part of executor's complaint for partition and sale which suggests a contest between heirs should have been overruled.

3. PLEADING—DEFENDANT'S DEMURRER AFFECTING CODEFENDANT SHOULD BE OVERRULED WHERE NOT SERVED ON CODEFENDANT.— Where a demurrer to a complaint by one of defendants is interposed to a part involving the rights of a codefendant not shown to have been a party to the demurrer or to have had any knowledge of it, the demurrer should have been overruled.

Before MAULDIN, J., Beaufort, April, 1921. Reversed.

Action by F. W. Scheper, in his own right and as Executor of the Will of F. W. Scheper, Dec'd, et al. against Lee Marscher Scheper et al. From an order sustaining a

demurrer to a part of the complaint interposed by W. R. Tindall, the plaintiffs and the other defendants appeal.

*Messrs. Talbird & Jenkins,* for appellants, cite. *Complaint stated only one cause of action and a demurrer to a part only thereof will not lie;* 64 S. C. 389. *Tindall forfeited right in wife's estate:* Stats. of N. C., Vol. 1. Rev. of 1905, Sec. 9, Sec. 2102. *Is entitled to personal property and is tenant by courtesy in real estate for life:* 107 N. C. 70; 65 S. E. 896. *Divorce will be respected:* Bigelow Estoppel (6th *Ed.*) 270, 252; 110 S. C. 253; 181 U. S. 155; 226 U. S. 55; 110 Mass. 463. *Presumption of legal divorce from admission of second marriage with first wife alive.*: 9 R. C. L. 244; 14 L. R. A. 543; 20 Tex. 740; 29 Mo. 259; 137 Ill. 386; 16 Cyc. 801. *And party will not be heard in Court of Equity to say his second marriage is illegal:* 4 A. L. R. 46; 10 R. C. L. Sec. 139, p. 389. *Father not relieved of legal obligation to support child:* 95 S. E. 738.

*Messrs. Erwin, Erwin & Nix and W. J. Thomas,* for respondents, cite: *Instrument was not a will:* 1 Civ. Code 1912, Sec. 3564; 1 McC. 272; 3 Hill 68; 12 Rich. 141; 3 McC. 491; 85 S. C. 383; *nor a conveyance;* 1 Civ. Code 1912, Sec. 3453; 20 S. C. 424; 26 S. C. 401. *Effect of divorce in another State on property rights in S. C.*; Art. 17 Sec. 3, Const. 1895; 201 U. S. 562; 215 U. S. 1; 6 Cranch 148; 2 Wall 237; 10 Wall 464; 96 U. S. 627; 99 U. S. 308; 47 Fed. 852; 44 S. C. 196; 1 Hill 7; 110 S. C. 253. *Limited divorce;* 9 R. C. L. 487; 95 N. C. 481; 93 S. C. 418; Ann Cas. 1914b, 655; 80 S. E. 178; 23 Ind. 370; 12 N. Y. Supp. 81, 1 N. J. Eq. 96.

February 28, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action instituted in the Court of Common Pleas for Beaufort county in February, 1920, for the partition and

sale of the estate of F. W. Scheper, deceased.   The appeal is from an order sustaining a demurrer to a part of the complaint, interposed by one of the defendants, W. R. Tindall.

The facts alleged in the complaint, which support the claim of the plaintiffs for partition, are as follows:

F. W. Scheper, Sr., a resident of Beaufort, died there in 1913, possessed of real and personal property; he left a will by which he devised and bequeathed his entire estate to his six children, all of whom survived him; one of his daughters, Minnie S. Tindall, died the same year, leaving as her heirs at law an only child, Edna, now about 20 years of age, and possibly the defendant W. R. Tindall, to whom she had been married; Henry E. Scheper, a son of the testator, died in 1917, leaving a widow and several children, minors.

In addition to these facts establishing the right to partition, which does not appear to be contested, the plaintiffs allege in their complaint certain other facts which are intended to exclude W. R. Tindall from participation in the partition as an heir at law of his deceased wife, Minnie S. Tindall.   It is either alleged or admitted in the arguments that many years ago Minnie S. Tindall was married to the defendant W. R. Tindall in Beaufort; that they removed to North Carolina and took up their residence there; that in 1910 Mrs. Tindall secured a divorce a mensa et thoro, under the laws of North Carolina, from her husband; that she returned to Beaufort and made her home with her father, where she lived until her death; that W. R. Tindall removed from North Carolina to Georgia and there married another woman while the first Mrs. Tindall was living; that he has deserted her and failed to respond to the decree for alimony tendered when the divorce was granted.

They also allege that after the death of Mrs. Tindall, which occurred on November 14, 1913, there was found an envelope addressed, "For Addie, to be opened right after

my death;" that the envelope contained a paper writing signed by Mrs. Tindall dated November 7, 1913, and (quoting from the complaint;) that "In that paper she gave all of her property, with the exception of some articles of wearing apparel, to her daughter Edna."

The plaintiffs therefore insisted that the defendant, W. R. Tindall, should be excluded from participation in the partition as an heir at law of his deceased wife upon the grounds above indicated: (1) That the paper writing referred to constituted a legal transfer of all her interest in her father's estate to her daughter Edna; (2) that the divorce obtained by Mrs. Tindall in North Carolina excluded him from such participation; and (3) that by his conduct in failing to respond to the decree for alimony, in moving to Georgia, marrying again and, deserting his first wife, he is estopped from claiming any share in her estate.

The defendant W. R. Tindall interposed a demurrer to that part of the complaint which sought to exclude him from such participation for the reasons stated, upon the ground "that the complaint shows upon its face that it does not state a cause of action," in that it shows that he was the husband of Mrs. Tindall and that she died intestate seized of one-sixth interest in her father's estate.

The demurrer was argued before JUDGE MAULDIN, who filed a decree sustaining it, holding that the writing was neither a will nor a deed and that W. R. Tindall was not barred by the North Carolina divorce from claiming an interest in the estate of his deceased wife; he did not pass upon the question of estoppel indicated as (3) above.

From this decree the plaintiffs and the defendants, Edna Tindall and W. F. Marscher, executor, have appealed.

The allegations of the complaint, to which W. R. Tindall

has demurred, intended to exclude him from participation, are in no sense essential to the plaintiffs' cause of action for partition, but relate to the subsidiary, administrative question of the distribution of Mrs. Tindall's interest, and simply amount to the suggestion of an issue between W. R. Tindall and his daughter, who alone are interested in it. If that issue should arise and the claim be sustained, Edna will receive the entire interest of her mother; if not, W. R. Tindall will receive one-third and she two-thirds. So that in neither event is the executor or the individual plaintiffs interested in the contest this, suggested. It was entirely proper that the executor, desiring a complete determination of the rights of all the parties and a final distribution and settlement of the estate, should suggest this possible contest, particularly as one of the parties interested was the infant daughter of his sister, so closely allied to her in blood, affection and a common sorrow; but in a legal sense neither he nor the other individual plaintiffs had any concern in the contest.

The demurrer was directed therefore to a part only of the complaint, and to a part which was entirely proper but legally gratuitous, and should not have been entertained.

Even conceding that the allegations of the complaint affecting the interest of W. R. Tindall were essential elements in the plaintiffs' cause of action (the contrary of which we hold,) the demurrer should have been overruled.

"Section 166 [195] of the Code provides that the demurrer may be taken to the whole complaint or to any of the alleged causes of action stated therein; but it is nowhere provided that a demurrer may be interposed to a part of a cause of action." *Buist v. Salvo,* 44 S. C. 144, 21 S. E. 615, followed in *Lawson v. Gee,* 57 S. C. 502, 35 S. E. 759; *Sloan v. R. Co.,* 64 S. C. 389, 42 S. E. 197; *Miles v. Light Co.,* 87 S. C. 257, 69 S. E. 292.

Another consideration is controlling: The demurrer is interposed to a part of the complaint by one of the defendants; its determination involves very materially the rights of a codefendant; while the codefendant was a party to the suit, there is nothing to show that she was a party to the demurrer or had any knowledge of it; it does not appear to have been served upon her or her attorneys. If the order sustaining the demurrer should be affirmed by this Court, it would be a determination of the contest between these two defendants, affecting to the extent of one-third the interest of one of them, upon a demurrer to the complaint and not to any pleading of such codefendant.

This disposition of the appeal renders it improper for the Court to consider the other questions in the case. The effect of the posthumous writing, the effect of the North Carolina divorce, and the alleged estoppel.

The judgment of this Court is that the order appealed from be reversed and that the cause be remanded for trial without prejudice to the rights of either W. R. Tindall or Edna Tindall in the issue between them as to the participation by W. R. Tindall in the proposed partition.