12713

STEWART *ET AL. v.* FICKEN *ET AL.*

(149 S. E., 164)

*Messrs. Logan & Grace,* and *John I. Cosgrove,* for appellants,

*Messrs. Nath. B. Barnwell* and *Barnwell & Black,* for respondents,

August 12, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Henry, dated December 1, 1927, refusing a motion by the defendants for an order requiring the complaint to be made more definite and certain in a number of particulars detailed, which included also a motion to require a separate statement of each alleged cause of action.

The defendants, with the exception of Emma J. Ficken, executrix of the will of John F. Ficken, deceased, a former president and director of the bank, were directors at the time of the collapse of the bank. The basis of the complaint is that, by culpable mismanagement of the affairs of the bank by the directors, its assets have been wasted, producing the failure and loss.

The first inquiry is as to what classes of individuals who have been burnt, or at least scorched, by the failure of the bank, are entitled to relief against the directors for such mismanagement—general creditors, depositors, stockholders, any or all. It appears well settled that, if the mismanagement of the directors has caused a loss *to the corporation,* and not to any particular general creditor, depositor, or stockholder, the liability of the directors on account thereof is an *asset of the corporation,* remediable only by an action in the name or in the right (under the appropriate circumstances) of the corporation; if the mismanagement of the directors has caused a particular loss to an individual general creditor, depositor, or stockholder, the liability is an asset of such injured individual, remediable by an action in his name.

This doctrine is clearly announced in the case of *Browne v. Hammett*, 133 S. C., 446, 131 S. E., 612, 613, where the Court said: "The right of action against the officers and directors of a corporation, for their negligent and wrongful acts *causing loss to the corporation,* is one which is vested in the corporation, and can only be enforced by the corporation, or in its right, for the benefit, as an asset, of those lawfully entitled to an interest in the assets of the corporation."

The distinction is clearly developed in the case of *Killen v. Barnes*, 106 Wis., 546, 82 N. W., 536, 542. "There are numerous cases where the distinction has not been clearly recognized, if at all, between a wrong to a depositor of a bank committed by its officers, for which they are personally liable directly to such depositor on the ground of deceit, and a wrong by such officers to the corporation for which they are liable to such corporation and through it to the creditors."

See, also, authorities cited in *Equitable Trust Co. v. Columbia Nat. Bank,* 145 S. C., 91, beginning at page 136, 142 S. E., 811, 826.

It becomes material, therefore, to inquire whether the acts of mismanagement charged to the directors affected the plaintiffs *directly,* or as their interests were submerged in the corporation whose assets were thus dissipated.

There are three plaintiffs in the case, "suing in behalf of themselves and of all other depositors, fiduciaries, creditors, and stockholders in like plight": Emma H. Stewart, Stephen Elliott, and Selina E. Magrath. Taking these up separately:

Emma H. Stewart is a depositor of the bank and a beneficiary of a trust estate created by Charles T. Lowndes, of which the bank was the trustee by substitution and had on hand, or supposedly so, at the time of the collapse, something like $10,000 of the trust estate.

Stephen Elliott is trustee under the will of William Elliott, having been substituted for the bank, which had been trus-

tee under said will, and had in 1908 received from the executors $5,000 in trust to hold, manage, and keep invested the same, and to pay over the income as the will directed.

Selina E. Magrath is a stockholder in the bank, owning 28 shares of stock, of the par value of $100 each, and is being sued upon her statutory liability as a stockholder.

The complaint contains numerous specifications of mismanagement on the part of the directors. The great majority of them are acts causing loss to the corporation, which it only has the right to be compensated for. A very few of them concern directly Emma H. Stewart and Stephen Elliott, trustee, respectively. None of them concern directly Selina E. Magrath.

So far as Emma H. Stewart and Stephen Elliott, trustee, are concerned, their respective causes of action are separate and distinct from each other; each depending upon a direct and particular act or acts, and as to which the defendants are entitled to have them separately stated. The case of *Fant v. Brissey,* 143 S. C., 264, 141 S. E., 450, seems conclusive upon this point. In fact, if they had been separately stated, under the case cited, the complaint would have been demurrable.

The complaint states three causes of action, or rather the facts upon which three causes of action might have been stated, but not in the same complaint: (1) A cause of action peculiar to the corporation; (2) one peculiar to Emma H. Stewart; (3) one peculiar to Stephen Elliott, trustee; none in favor of Selina E. Magrath.

It hardly seems necessary to remand the case for a separate statement of the causes of action, when, if so stated, the complaint would be subject to a demurrer for misjoinder of causes of action, the ground really upon which such remand would be justified.

Nothing herein contained shall prejudice the right of the defendants, in the event that the complaint or complaints hereafter presented contain grounds for a motion to make

more definite and certain for the reasons set forth in the notice. We have not considered it necessary to advert to them, as the occasion for objection hereafter may not be presented.

The judgment of this Court is that the order of the Circuit Court be reversed, and that the case be remanded to that Court, with leave to the plaintiffs to amend their complaint by striking out all but one of the alleged causes of action and proceed by separate actions upon the others.

Mr. Chief Justice Watts and Messrs. Justices Blease, Stabler and Carter concur.