12965

STEWART *ET AL.* v. FICKEN *ET AL.*

(157 S. E., 445)

November, 1929.

Messrs. *Logan & Grace, John I. Cosgrove, J. N. Nathans, Waring & Brockinton, George H. Moffett, Charles W. Waring* and *J. Waties Waring,* for appellants,

*Messrs. Nath. B. Barnwell, Hyde, Mann & Figg,* and *Lionel K. Legge,* for respondents,

February 25, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

An opinion in the above-stated case was filed on August 15, 1930, reversing the decree of the Circuit Judge except in a particular noted and remanding the case to the Court of Common Pleas for further proceedings consistent therewith.

Within due time the respondents filed a petition for a rehearing of the appeal, and upon consideration the Court ordered that the case be resubmitted upon the record filed and such additional arguments as counsel might deem proper to file.

It appears that the ground upon which the decree was reversed was thus stated in the opinion:

"The vital enquiry however is whether the alleged delicts constitute separate and distinct torts, which under the Code, are required to be separately stated.

"Upon an examination of the complaint it will be found that there are not less than sixteen separate and distinct torts alleged against the defendants; they doubtless may constitute causes of action which may be united in the same complaint under Section 430 of the Code, which however requires that they be 'separately stated.'

"In such separate statements each alleged cause of action must be stated fully and with particular details."

Counsel for the respondents call attention to the fact, which upon further consideration appears manifest, that the question whether the cause of action in the right of the corporation was composed of several delicts which should have been separately stated was not raised before his Honor, Judge Rice, was not considered by him, and was not argued in this Court upon the former appeal by counsel on either side. It seems clear, therefore, that the point should not have been considered and decided by this Court. The former opinion is therefore withdrawn from the files, and the following is made the opinion and judgment of this Court:

This is an appeal from an order of his Honor, Judge Rice, refusing a motion by the defendants for an order requiring the plaintiffs to make the complaint more definite and certain and to separately state the various alleged causes of action charged as being "jumbled" in the complaint.

In the former appeal in this case, this Court held that the complaint under consideration there stated "three causes of action, or rather the facts upon which three causes of action might have been stated, but not in the same complaint: (1) A cause of action peculiar to the corporation; (2) one peculiar to Emma H. Stewart; (3) one peculiar to Stephen Elliott, Trustee; none in favor of Selina E. Magrath." The

Court remanded the case to the Circuit Court, "with leave to the plaintiffs to amend their complaint by striking out all but one of the alleged causes of action and proceed by separate actions upon the others."

Thereafter, the plaintiffs amended their complaint by striking out the causes of action peculiar to Emma H. Stewart and Stephen Elliott, trustee; amplifying the allegations upon which the cause of action peculiar to the corporation was based; changing the title and prayer to conform to the cause of action peculiar to the corporation; and in general setting out in the complaint only those allegations which might be germane and referable to the cause of action of the corporation.

The amended complaint was duly served, and thereafter the defendants appeared and served their notice of motion to require the complaint to be made more definite and certain.

The motion was heard by Judge Rice at the November, 1929, term of the Court of Common Pleas for Charleston County, and on November 27, 1929, he filed his order, granting the fifteenth specification of the motion, and overruling the remaining grounds.

Judge Rice, in his order, held:

"I have carefully considered the amended complaint and the arguments of counsel on both sides, and I am satisfied that the amended complaint sets forth only a single cause of action, namely, a cause of action on behalf of, and for the benefit of the corporation. The amended complaint, as I construe it, follows strictly the suggestion of the Supreme Court in the previous appeal in this case. As I construe it, none of the plaintiffs claim, or would be entitled to, in the present action, judgment in his or her favor individually. Should the plaintiffs succeed in the present action any judgment in their favor must be in the right of the corporation and for its benefit."

We agree with his Honor, the Circuit Judge, in holding that the cause (or causes) of action sued upon is that of the corporation; the rights asserted are those

of the corporation; and the losses sought to be recovered for are those of the corporation. *Browne v. Hammett,* 133 S. C., 446, 131 S. E., 612; *Hernlen v. Vandiver,* 145 S. C., 412, 143 S. E., 222; *Gary v. Matthews,* 148 S. C., 125, 145 S. E., 702; *Daniels v. Berry,* 148 S. C., 446, 146 S. E., 420; *Stewart v. Ficken,* 151 S. C., 424, 149 S. E., 164.

The nature and purpose of the action is set out in Paragraph I:

"That this is an action brought by the plaintiffs who are depositors, creditors and stockholders of the South Carolina Loan and Trust Company, a banking corporation, for and in the right of the corporation for the benefit, as an asset, of those lawfully entitled to an interest in the assets of the corporation," etc.

The various delicits and breaches of duties, alleged to have been committed by the defendants, are all alleged to have been duties owed by the defendants to the corporation, and to have caused loss to the corporation.

"Unquestionably directors, as the agents of the bank, owe to the bank itself the duty to exercise ordinary care in the management of its affairs. A violation of that duty would constitute negligence, and the bank, or its receiver when one has been appointed, or the creditors if the receiver should refuse to sue, may bring an action for the benefit of the bank against the directors for such negligence." *Daniels v. Berry,* 148 S. C., 446, 146 S. E., 420, 421.

The judgment of this Court is that the order appealed from be affirmed.

MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.