13395

STEWART *ET AL.* v. FICKEN *ET AL.*

(164 S. E., 14)

Messrs. *J. I. Cosgrove, Logan & Grace, J. N. Nathans, Waring & Brockington, G. H. Moffett, J. W. Waring,* and *C. W. Waring,* for appellants,

Messrs. *N. B. Barnwell, L. K. Legge,* and *Hyde, Mann & Figg,* for respondent,

April 28, 1932.

The opinion of the Court was delivered by Mr. Justice Bonham.

This case has had a tortuous route to travel in its efforts to reach a hearing in the Circuit Court, on its merits. This is the third appeal to this Court from orders of the Circuit Court on motions to amend the complaint by making it more definite and certain.

The Supreme Court held, on the first appeal, that the complaint stated three causes of action; one peculiar to the cor-

poration, one peculiar to Emma H. Stewart, and one peculiar to Stephen Elliott, trustee. The case was remanded to the Circuit Court "with leave to the plaintiffs to amend their complaint by striking out all but one of the alleged causes of action." 151 S. C., 424, 149 S. E., 164. Plaintiffs availed themselves of the leave of the Court and served an amended complaint from which the causes of action in favor of Emma H. Stewart and Stephen Elliott, trustee, were eliminated. When this amended complaint was served upon defendants, they made a motion to have it made more definite and certain, upon the general grounds that plaintiffs had jumbled several causes of action in the complaint and should be required to separate the causes of action and separately and distinctly state them. The motion was heard by Judge Rice, who held that the amended complaint stated a single cause of action, and that in the right of the corporation. From this ruling defendants appealed. August 15, 1930, the Supreme Court handed down an opinion reversing the decree of Judge Rice, except in one particular, not needful to state here, and remanding the case to the Circuit Court for further proceedings in conformity therewith. Plaintiffs petitioned the Court for a rehearing, which was granted. February 23, 1931, the Court filed an opinion withdrawing that filed August 15, 1930, and substituting that of February 23, 1931, in its stead. 159 S. C., 419, 157 S. E., 445, 446. In this last opinion the Court said:

"It appears that the ground upon which the decree was reversed was thus stated in the opinion:

" 'The vital enquiry however is whether the alleged delicts constitute separate and distinct torts, which under the Code, are required to be separately stated.

" 'Upon an examination of the complaint, it will be found that there are not less than sixteen separate and distinct torts alleged against the defendants; they doubtless may constitute causes of action which may be united in the same complaint under Section 430 of the Code, which however, requires that they be "separately stated."

" 'In such separate statements each alleged cause of action must be stated fully and with particular details.

" 'Counsel for the respondents call attention to the fact, which upon further consideration appears manifest, that the question whether the cause of action in the right of the corporation was composed of several delicts which should have been separately stated was not raised before his Honor Judge Rice, was not considered by him, and was not argued in this Court upon the former appeal by counsel on either side. It seems clear, therefore, that the point should not have been considered and decided by this Court.' "

The other opinion was withdrawn and this one substituted for it. It affirms the decree of Judge Rice. In this decree thus affirmed occurs the following: "I have carefully considered the amended complaint and the arguments of counsel on both sides, and I am satisfied that the amended complaint sets forth only a single cause of action, namely, a cause of action on behalf of, and for the benefit of the corporation. The amended complaint, as I construe it, follows strictly the suggestion of the Supreme Court in the previous appeal in this case. As I construe it, none of the plaintiffs claim, or would be entitled to, in the present action, judgment in his or her favor individually. Should the plaintiffs succeed in the present action any judgment in their favor must be in the right of the corporation and for its benefit."

The Court specifically agreed with this conclusion of the Circuit Judge.

The matter then came before Judge Shipp on a motion by defendants to require plaintiffs to make the last-amended complaint more definite and certain in the particulars set out in the notice of the motion, as follows:

"(1) By requiring plaintiffs to set out and separately state the several causes of action set forth in the last amended complaint in the right of the corporation.

"(2) By requiring the plaintiffs to separate and distinctly state the several and separate causes of action in the right

of ·the corporation based upon the various delicts and breaches of duties alleged to have (been) committed by defendants, and to have caused loss to the corporation, upon which are based the several causes of action in the right of the corporation alleged in the complaint herein."

Judge Shipp overruled the motion; this appeal followed based upon the following exceptions:

"I. The trial Judge erred and abused his discretion, it is respectfully submitted, in refusing to order the complaint herein made more definite and certain in the following particulars, to wit" (here follow the grounds of the motion above set forth).

"II. The trial Judge erred in holding that 'the present motion cannot be made by the defendants, under the circumstances set out,' the error being that the defendants herein by appropriate Court orders had preserved their right to make the motion herein, and the same should have been entertained and passed on by the Court.

"III. The trial Judge erred in holding that the defendants had waived their present objections to the complaint herein, the error being that the. defendants by appropriate Court orders had preserved their right to make the motion herein, and the same should have been entertained and passed on by the Court."

The Court orders referred to are: One by ·Judge Rice dated November 27, 1929, made while he had under consideration the motion to have the first amended complaint made more definite and certain. It gives to defendants an extension of time for "answering, demurring or otherwise pleading to the amended complaint," for fifteen days from the date of the filing of his order; the other order is one by Associate Justice (now Chief Justice) Blease dated December 10, 1929, made upon the petition of defendants, giving them twenty days "from the filing of the remittitur ·of this Court with the Clerk of the Court of Common Pleas for Charleston County on the appeal herein, within which to

move, answer, demur or otherwise plead to the amended complaint in this action if they be so advised."

The question which determines this appeal is this: Do the orders of Judge Rice and Mr. Justice Blease confer upon defendants any right in the matter of moving, answering, demurring, or otherwise pleading, which they did not have, or had lost? Or do these orders merely extend the time in which to do any of these things, which of right defendants might do?

Judge Shipp based his order refusing defendants' motion on the ground that: "The defendants could have embraced the points made in their present motion in their previous motion; such points could have been argued and could have been decided upon a previous motion if argued; the defendants did not do so, and by reason and authority they must be taken to have waived their present objections. Having failed to urge the matters now involved in their previous motion when they could have done so they are precluded from making the present motion."

With commendable frankness appellants' counsel in their brief say: "At first glance this reasoning of Judge Shipp would seem to be sound. He, however, overlooked the unusual and peculiar status of this case at the time it was presented to him. *Ordinarily, the principles announced by him would be entirely applicable and would foreclose a motion of this character.* (Italics added.) However, he should have considered the status of this case in the light of its conditions when it came before him."

The "unusual and peculiar status of the case" at the time Judge Shipp heard it, upon which appellants rely to take it out of the general rule, the force of which they concede, is made, they claim, by the orders of Judge Rice and Mr. Justice Blease.

It seems perfectly clear to the Court that the order of Judge Rice was intended only to extend the time for "answering or demurring, or otherwise pleading to the amended complaint." Defendants did not avail themselves of that

grant of extension of time; on the contrary, they appealed from Judge Rice's order. It then became necessary to procure an extension of time to answer, demur, or otherwise plead to the amended complaint till after the determination of that appeal. They procured the order from Mr. Justice Blease which granted them twenty days after the remittitur in that appeal was sent down in which "to move, answer, demur or otherwise plead to the amended complaint."

That appeal did not contain the grounds upon which this motion is now predicated, or if it may be construed to have embraced them they were not argued, nor even presented to the Appellate Court. The opinion in that appeal expressly so holds; indeed, it is for that reason that the opinion of August 15, 1930, was withdrawn and that of February 23, 1931, substituted. Appellants' right to present these grounds of motion was gone—waived. It is not conceivable that it was the intention of Mr. Justice Blease to restore to appellants a right they had lost. The phrase in the order "or otherwise plead" is conclusive argument that it was intended that appellants' rights as they stood when the order was granted were to be preserved during the pendency of the appeal, to enable them to present the grounds of appeal to the Court. It was clearly never intended to give them leave to present certain grounds of appeal and if they lost that appeal then to present others which could have and should have been presented then. They did not include the right, against the rule of pleading to "move" upon grounds which they could and should have included in the motion they had made, upon which Judge Rice had passed, and from whose decree they were then appealing. It is not conceivable that the order intended to give them a privilege the exercise of which could continue this litigation almost *ad libitum*. The learned justice who granted it knew well the wisdom of the rule of the law that "there must be an end to litigation."

In *Givens v. North Augusta Electric & Improvement Co.,* 91 S. C., 417, 74 S. E., 1067, it was held, quoting syllabus 2: "A second motion to strike out allegations in a complaint

comes too late if not noticed before answering or demurring, and within twenty days * * * *and when not embraced in the first motion."* (Italics added.)

In the body of the opinion Mr. Justice Hydrick said: "The defendant's motion made at the trial to strike out the allegation that it broke the contract willfully and wantonly, was also properly refused, first, because it was not noticed within the time allowed by Rule 20 of the Circuit Court, * * * second, because it should have been embraced in the first motion to strike out. Such motions are necessarily of a dilatory nature, and successive motions on different grounds will not be tolerated where all the objectionable matter can be disposed of at once."

The order of Mr. Justice Blease was an *ex parte* one, made upon the petition of defendants without notice to plaintiffs. Obviously the motion was made under Circuit Court Rule XIX. The purpose of that rule is to maintain the status of the party applying under it, by granting him an extension of time to plead; it could never be construed to give a Judge the power to restore to one applying under it a right already lost, or to give a right which the party never had.

If defendants did not embrace in the motion before Judge Rice the grounds included in the motion before Judge Shipp, they are now barred of the right to present them. If they did include them in the motion before Judge Rice and did include them in the grounds of appeal from his order and did not argue them, nor present them to the Supreme Court, they must be held to have abandoned and waived them. In the case of *Bank of Timmonsville v. People's Bank,* 147 S. C., 461, 145 S. E., 288, 293, this occurs: "This complaint in this case contains four alleged causes of action, not separately stated as the Code requires (*no objection appears to have been entered thereto, and it has been thereby waived*)." (Italics added.)

"Exception 5 was not referred to in the appellant's brief nor in the oral argument before the Court, and therefore is

deemed to have been abandoned." *Kirven v. Kirven,* 162 S. C., 169, 160 S. E., 432, 434.

"Exceptions not herein specifically considered by the Court were not argued by counsel * * * and are to be considered as abandoned." *Whetstone v. Dreher,* 138 S. C., 186, 136 S. E., 209, 215.

"The appellant has not argued its exception which complained of error in the charge referred to under our Subdivision 'e.' It may, therefore, be considered abandoned." *St. Charles Mercantile Co. v. Armour & Co.,* 156 S. C., 406, 153 S. E., 473, 476.

This disposes of the cardinal question in the appeal which governs the vital issue.

The exceptions are overruled, and the order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and Circuit Judge W. H. TOWNSEND, ACTING ASSOCIATE JUSTICE, concur.