13800

STEWART *ET AL.* v. FICKEN *ET AL.*

(173 S. E., 301)

Before Sease, J., Charleston, October, 1927.

*Messrs. H. L. Erckmann, J. N. Nathans, Waring & Brockington, George H. Moffett, J. Waties Waring,* for appellants,

*Messrs. N. B. Barnwell, Hyde, Mann & Figg* and *Lionel K. Legge,* for respondents,

March 9, 1934.

The opinion of the Court was delivered by Mr. W. C. Cothran, Acting Associate Justice.

This case has been before this Court three separate times and is yet to be heard on its merits. Appeals on preliminary questions have occupied the attention of this Court in matters reported in 151 S. C., 424, 149 S. E., 164, 159 S. C., 419, 157 S. E., 445, and 165 S. C., 396, 164 S. E., 14. It

is again before us on a demurrer to the complaint and the "tortuous route to travel in its efforts to reach a hearing in the Circuit Court, on its merits," as spoken of in the last appeal, seems almost a never-ending journey.

Hereafter the South Carolina Loan & Trust Company will be denominated the trust company and the Mortgage Loan Company will be denominated the mortgage company.

"1. That this is an action brought by the plaintiffs who are depositors, creditors and stockholders of the South Carolina Loan & Trust Company, a banking corporation for and in the right of said corporation for the benefit, as an asset, of those lawfully entitled to an interest in the assets of the corporation against the defendants, all of whom except the defendant, Emma J. Ficken, as executrix of the estate of John F. Ficken, were at the times hereinafter mentioned the officers and directors of the said South Carolina Loan and Trust Company, to require an accounting of the said officers and directors for the mismanagement of said banking corporation and for negligent, illegal, wrongful and *ultra vires* acts committed in the management and operation of said banking corporation. The defendant, Emma J. Ficken, is the executrix of the estate of John F. Ficken who, at the date of his death, on or about April 16, 1925, and for many years prior thereto was an officer and director of said South Carolina Loan & Trust Company."

So reads the first paragraph of the complaint. The remaining allegations of the complaint endeavor to set forth in detail various acts of omission and of commission on the part of the officers and directors of the trust company and of one or more of its affiliated companies whereby the assets of the institutions were depleted in the manner charged in the quoted paragraph above. The complaint will not be set out in full and will be referred to hereinafter only as occasion requires.

To the complaint a demurrer was interposed and from a formal order overruling it this appeal is taken.

It will be well, for the sake of comparison, to refer to the grounds of demurrer and to the exceptions with some degree of particularity. There are three grounds urged for sustaining the demurrer as follows:

"1. Because there is a defect of parties defendant in that there is a non-rejoinder of the Corporation, South Carolina Loan and Trust Company or its Receiver or assignee as a party defendant.

"2. Because plaintiffs have not legal capacity to sue, no leave of Court to bring this suit being alleged in the Complaint, the Court having appointed a Receiver of the Corporation.

"3. Because said last amended Complaint does not state facts sufficient to constitute a cause of action in the following particulars, to wit:

"(a) The specifications and charges of mismanagement of Security Savings Bank (Security Corporation), do not state facts sufficient to constitute a cause of action against these Defendants as Directors of South Carolina Loan and Trust Company, a separate corporation, said.charges and specifications with reference to said Security Savings Bank (Security Corporation) being set forth in said last amended complaint in Paragraph X, Subdivision 2, page 5, of said Complaint and Paragraph X, subdivision 5, page 7 of said Complaint."

The exceptions, five in number, may be abridged, but they present the following specifications of error on the part of the Circuit Judge:

1. Error in holding that the plaintiffs have the right or capacity to bring this suit and in not holding that the action was an asset of the trust company whose assets had been assigned to the mortgage company.

2. Error in not taking judicial notice of two opinions of the Supreme Court (*Ex parte Fant and Mortgage Loan Co. v. Townsend*), reported in 147 S. C., 167, 145 S. E., 34, and 156 S. C., 203, 152 S. E., 878, in which the assignment

of the assets of the trust company to the mortgage company was approved and confirmed and that she should have been controlled by them.

3. Error in not taking judicial notice of said decisions of the Supreme Court wherein the assignment of the assets of the trust company to the mortgage company, including the causes of action set out in the complaint, became and are the property of the mortgage company, and that the plaintiffs have no capacity to sue in the name of said corporation but are confined to individual suits for individual losses.

4. Error in not holding that the plaintiffs cannot bring this suit against the directors as they have not asked leave of the Court to set aside a certain plan of liquidation and institute this suit, nor can they collaterally attack the assignment of the assets of the mortgage company. (The plan of liquidation, above referred to, will be hereinafter mentioned.)

5. Error in not sustaining the demurrer on the ground that the plaintiffs did not have capacity to sue in the name of the trust company and in not holding that the assets of the trust company had been legally transferred to the mortgage company.

Reference to the grounds of demurrer and to the exceptions will readily disclose the fact that no one of the exceptions refer directly to any one of the grounds of the demurrer. Nor does any exception refer to any alleged defect appearing on the face of the complaint. Section 458 of the Code permits a defendant to demur to a complaint and specifies such grounds of demurrer, but it provides that such grounds must appear on the face of the complaint. There is a ground of demurrer, the second, which alleges want of capacity to sue, in that the Court, having appointed a receiver, did not grant leave to plaintiffs to bring this suit. The fourth exception may cover this ground. But even so, the alleged defect does not appear on the face

of the complaint. *Cone Export Co. v. Poole,* 41 S. C., 70, 19 S. E., 203, 24 L. R. A., 289.

The exceptions present questions which were not presented to the Circuit Judge in the grounds of demurrer and, under the well-established rules of this Court, only such questions as were submitted to the Circuit Judge may be considered on appeal. We could very soundly rest our conclusion to affirm the order of the Circuit Judge in overruling the demurrer upon what has been said, but in the interest of expediting a trial of this cause upon its merits a few further observations may not be amiss.

At the time this suit was brought, the trust company was in the hands of a receiver. The affairs of the trust company appeared to be in a hopeless condition in so far as creditors were concerned and the South Carolina National Bank, in no way connected with the trust company or with its two insolvent affiliated companies, came forward with a relief proposition. This mention of the history of the trust company is taken from *Ex parte Fant, Receiver,* 147 S. C., 167, 145 S. E., 34, and to that case reference is made to gather other interesting facts. It appears that the "cream" of the securities of the trust company was given over to the South Carolina National Bank as a part of the relief plan. There was left in the hands of the trust company a lot of rather undesirable securities known as "frozen assets" and the relief plan contemplated the formation of a new corporation, known as the Mortgage Loan Company, whose duty it was to realize everything possible on this collateral. To this end the receiver transferred these assets to the new corporation and the new corporation was given the power and authority of the receiver to enter upon the duty of collecting same. This was in regard to the "frozen assets."

Later the appeal in the *Mortgage Loan Co. v. Townsend,* was brought to this Court (156 S. C., 203, 152 S. E., 878). In speaking of the Mortgage Loan Company, the Court says that it was organized for the purpose of liquidating *to some*

extent the affairs of the trust company and that it was empowered by order of the Court to take over *some* of the assets of the trust company. (Italics supplied.)

The claim of the plaintiffs herein is certainly an asset of the trust company and, in our view, was not included in the "frozen assets" assigned by the receiver of the trust company to the mortgage company. This action could have been maintained by the receiver of the trust company but he refused to bring the suit when requested by the plaintiffs. Under this state of affairs the plaintiffs could maintain the suit. *Browne v. Hammett,* 133 S. C., 446, 131 S. E., 612.

In regard to the third ground of the demurrer, in addition to the fact that it is not covered by any exception, it is only necessary to say that a demurrer, to be effective, must be addressed to the entire cause of action and not to a portion thereof. *Scheper v. Scheper,* 115 S. C., 421, 106 S. E., 33. Even though the allegations relative to the Security Savings Bank had been adjudged irrelevant, which we do not hold, the proper remedy would have been a motion to strike out and not a demurrer to the entire cause of action.

We have considered carefully all of the exceptions, even though they appear different from the grounds of demurrer, and can find no error on the part of the Circuit Judge in overruling same.

Judgment affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.