## CONSOLIDATED NAVAL STORES CO. v. BRANNAN TURPENTINE CO. et al.

### No. 522.

District Court, E. D. South Carolina, Charleston Division.

April 2, 1942.

—◦—

J. M. Moorer, of Walterboro, S. C., Davis & McFaddin, of Manning, S. C., and Travis & Travis, of Savannah, Ga., for plaintiff.

Barnwell & Whaley, of Charleston, S. C., and John G. Dinkins, of Manning, S. C., for defendants.

WARING, District Judge.

This matter comes before me on a motion to dismiss made on behalf of the defendants upon the grounds set forth in the notice of motion; and at the same time the case was considered from the standpoint of a pretrial conference for the purpose of determining and defining the issues if the motion to dismiss was not granted.

The first ground for dismissal points out that the amended complaint alleges that certain lands were acquired by the defendant company and subsequently conveyed to the individual defendant, Ida Mae Brannan, and that all of said lands were covered by mortgages heretofore given by Brannan Turpentine Company to plaintiff. In other words, the theory of this portion of the complaint is that the mortgages covered certain after-acquired real estate and the motion to dismiss points out that an examination of the mortgages, which are a part of the record, fails to show that it was the intention of the parties that such mortgages should cover any after-acquired real estate. I have carefully considered this matter, read the pleadings in regard thereto and the terms of the mortgages themselves, all of which are on file in this record. I do not find anything to indicate that it was the intention of the parties when these mortgages were executed and delivered that the liens thereof should attach to after-acquired real estate. If the allegations of the amended complaint were based solely upon this

cause of action I would be forced to grant the motion to dismiss.

However, the amended complaint also bases its claim upon the allegation that certain real estate acquired by the two defendants, all of which now stands in the name of the individual defendant, was acquired by paying for the same with funds furnished by the plaintiff. It is claimed that certain conveyances of such real estate were made directly to the individual defendant, Ida Mae Brannan, and were fraudulent as to the plaintiff, because purchased with funds furnished by plaintiff. And it is further claimed that in other instances the premises were first acquired by the company and thereafter conveyed to the individual, and such conveyances were without adequate consideration and made at a time when the company was insolvent. And it is further claimed that the conveyances to Ida Mae Brannan were without the knowledge and consent of the plaintiff and were made for the purpose of preventing collection of the debt due to the plaintiff, which was then, and now is, the sole creditor of the said Brannan Turpentine Company. The complaint further alleges that the defendant company has not sufficient assets to answer the debt of the plaintiff and that it has ceased active operation; and also claims that the various tracts of real estate described in said complaint, which stand in the name of Ida Mae Brannan, are held by her in trust for the benefit of the plaintiff.

In the motion to dismiss and in the argument before me it was claimed that the plaintiff can not take the position that the lands conveyed directly to Ida Mae Brannan are held in trust for it, and that even if the facts set forth in the complaint are admitted (which of course they are for the purpose of this argument), such lands would be held in trust for the Turpentine Company and not for this particular creditor. The same position is taken in regard to the lands which are alleged to have been conveyed by Brannan Turpentine Company to Ida Mae Brannan without adequate consideration.

The position taken by the defendants in the motion to dismiss is ordinarily sound. As I understand the law of this State, a suit of this character to set aside conveyances, which are alleged to be tinged with fraud and made for the purpose of defrauding creditors must be instituted by the person or corporation who is the true owner. An individual creditor has no cause of action against the party alleged to be fraudulently holding the property and a suit to recover such property must be instituted on behalf of the individual or corporation from whom the property has been taken, or, where such individual or corporation is insolvent, by his or its representative, such as a trustee or receiver. See Stewart v. Ficken, 151 S.C. 424, 149 S.E. 164. See, also, the same case, which was heard on subsequent appeals by the Supreme Court of South Carolina and reported in 159 S.C. 419, 157 S.E. 445; and also in 172 S.C. 151, 173 S.E. 301. This case follows and approves the doctrines carefully laid down in the earlier case of Browne v. Hammett, 133 S.C. page 446, 131 S.E. 612. I am of the opinion that a careful reading of this case will show that a suit to follow assets such as this one, must be brought, not for an individual creditor, but so that all creditors of an insolvent corporation will be benefited thereby. However, there are exceptions to this rule and the instant case is one of these exceptions. In this case it is shown that the corporation itself is a closely held corporation consisting of two stockholders, husband and wife. The wife, to whom the conveyances were made, is not only a stockholder, but an officer, and as has been stated by courts in many instances, it would seem to be a futile requirement of law to attempt to call upon parties to set aside conveyances alleged to have been made in fraud where they themselves were the parties who committed the alleged fraudulent acts and were the beneficiaries thereof. In the instant case the requirement that the suit be brought for the benefit of all creditors is also met, according to the allegations of the complaint, by the statement that the plaintiff is the sole creditor. We thus have a case where a suit is brought for the benefit of all creditors and here there is no company, or representative of a company, which could be expected to bring such a suit because of the fact that the actual parties in interest are claimed to have been parties to the fraud, which the plaintiff is attempting to undo. Upon consideration of this matter from the foregoing standpoint I am of the opinion that the complaint should not be dismissed.

In the trial of the cause the proof, however, will be limited to the allegations which claim that the conveyances were

fraudulent, and were without adequate considerations as set out in Article 14, of the amended complaint.