## FLOE. v. PLOWDEN.
### Civ. No. 2592.

United States District Court
E. D. South Carolina,
Charleston Division.

Oct. 10, 1950.

William S. Hope, E. Lloyd Willcox, Charleston, S. C., for plaintiff.

Charles W. Waring, Robert McC. Figg, Jr., Charleston, S. C., for defendant.

WARING, Chief Judge.

This is an action based upon the death of Mrs. Sarah G. Theriault who was a passenger in an automobile which collided with a truck driven by defendant. The Complaint briefly but clearly charges that the collision between the cars was caused by the truck being driven by defendant in a careless, negligent and reckless manner. It names with particularity the place and time of the collision; describes the directions in which the respective cars were travelling and the place of impact on plaintiff's car; and sets out the injuries and death of the intestate. The necessary jurisdictional averments are made and there is a prayer for money damages.

The defendant moves to make more definite and certain by setting forth allegations explaining what acts of negligence are charged and claiming that he cannot adequately file an Answer without these more definite statements.

Were we still dealing with and acting under the old and outmoded forms of procedure which were generally prevalent in this and other states and still are in some of them, the motion would be well taken.

But we must consider this case in the light of the development of the law along modern lines. For many years procedure has been one of the greatest difficulties in our judicial and political systems. Not only the Courts but our legislatures and particularly our Congress and even the modern United Nations assembly are hampered in their efforts to accomplish acts and find facts by reason of procedure, rules of procedure, agenda, and all of these other troublesome items of machinery which, instead of facilitating, have the effect of delaying fashioning of the desired products.

But to limit our discussion entirely to the Courts, we of the legal profession remember that our procedural forms came from the old common law practice wherein much legal learning and expenditure of time was used up in determining whether a suit should be brought on the theory of ex contractu or ex delicto and then whether it should be an action on account, assumpsit, covenant, debt, detinue, ejectment, replevin, trover, case or one of the various forms of trespass.

And in the discussion of these abstruse problems, the fact that one individual was seeking for relief from the acts of another was often forgotten. The mass and tangle became so objectionable that finally public sentiment demanded clarification. In this country, the great revolution in procedure came about when the Field Code was adopted, first by the State of New York in the 1880's. Many, if not most, of the states of the union have followed in New York's foot-steps, and South Carolina adopted and still has an excellent code based upon the New York one. This was a great advance in the simplification in the statement of legal claims and the intendment of the code was to have a clear plain simple brief statement of the wrongs complained of and the redress demanded. But again, the legal mind has refined, elaborated, added to and subtracted from these plainly marked intentions with the result that there has grown up in our judicial system in a great many States of this country, including our own, a highly specialized system of legal pleading. Our law books teem with discussions, learned, interesting and entertaining for the erudite, pertaining to the best way to describe a legal claim and pointing out methods to combat such claims, most of which, while not intended, accomplish the result of delaying the presentation and the trial of cases for months and years. A casual examination of the reported cases show the large number that turn upon procedural matters and we frequently find that the same case appears over and over in our court reports going up on appeal on various collateral matters.[1] The net result of most of this is that the lawyers acquire much learning, but the clients get no relief or, if they eventually do, it is only after years of waiting.

Not much more can be said for the Federal system prior to the adoption of the present Federal Rules of Civil Procedure, 28 U.S.C.A., which went into effect in 1938. But since the promulgation of those rules, the procedure in the Federal courts has been revolutionized and greatly improved. And many of the more enlightened states have been and are taking vigorous steps to abolish the outmoded practices of their courts. A most outstanding example of this is the State of New Jersey which, for many years, had one of the worst,—perhaps the worst—judicial system in this country, but which has recently wiped out all of its old

---

1. An interesting illustration of this kind of thing will be found in our state reports of the case of Stewart v. Ficken which is reported four times, namely: 151 S.C. 424, 149 S.E. 164; 159 S.C. 419, 157 S.E. 445; 165 S.C. 396, 164 S.E. 14; 172 S.C. 151, 173 S.E. 301. The writer of this opinion has selected and cites and feels that he can criticize this case since he was of counsel and was in great part responsible for the long drawn out and intricate fight on pleadings. It is interesting to note that this case started in 1927 and the fourth opinion of the Supreme Court of South Carolina was filed in 1934. After seven years of litigation, the defendants had not yet filed answers and never did; and some of them having died in the meantime, the case was finally compromised. This case is not the only one of this kind but others in like plight may be found by examining the reports.

system and established a modern well functioning judicial system and procedure. No claim is made that the Federal Rules are perfect. However, they do indicate great progress and, from time to time, there have been some slight revisions and amendments so that they now represent a workable functioning body of rules which is giving, or at least endeavoring to give, litigants and lawyers an opportunity to present their affairs and get prompt action in the courts.

Rule 8(a) sets forth the necessary ingredients of a complaint in commencing an action and the suggested forms show the simplicity contemplated by the rules. Form 9 gives a suggested complaint for a personal injury action based upon negligence somewhat similar to the one in the instant case. While these forms are not mandatory, they are suggestive and useful. But the 1938 rules did have a proviso for applying for a bill of particulars, and that left open the door for constant applications to the courts for more information by way of pleadings similar to the motion to make more definite and certain. But the revision committee and the Supreme Court, apparently recognizing that the rules still gave opportunity 'for use or misuse of such motions on the pleadings, caused revisions and amendments to be made (effective 1948) and these have decisively curtailed the importance of the formal pleadings and have placed them in their true light and have indicated to the bench and bar their relation to the litigation.

The following excerpts from a Supreme Court opinion and comments by two learned and well informed commentators shed light on the present status of pleadings in the Federal Court.

"The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. Under the prior federal practice, the pre-trial functions of notice-giving issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method. The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial." Hickman v. Taylor, 329 U.S. 495, at pages 500–501, 67 S.Ct. 385, at page 388, 91 L.Ed. 451.

"* * * the federal rules relieved the pleadings of their top-heavy burden of formulating issues and disclosing facts. Under the present procedure, the pleadings are called upon only to give notice generally of the issues involved in the case." Barron & Holtzoff, Fed. Practice and Procedure, Vol. 2, Section 641, page 262.

"* * * the test, on motion for a more definite statement, is whether the complaint or allegation of defense states enough facts to inform the adversary of the claim or defense made against him, and enables him to prepare a responsive pleading, if one is required and that a pleading which satisfies the provisions of Rule 8 was not subject to attack by a motion under Rule 12 (e)." Barron & Holtzoff, Fed. Practice and Procedure, Vol. 1, Section 362, pages 684–685.

The provisions of the rules for deposition and discovery, see Rules 26 to 37 inclusive, give to the practitioner every kind of useful tool or weapon to find out what are the facts and circumstances relied upon by his adversary and if properly and wisely used by both sides, the happy result may be brought about that the parties to any controversy are made familiar with the claims of their adversaries and the weapons, ammunition, and supplies which are available and may be used by such adversaries. Thus, each party comes into court fully advised of the strength and weaknesses of the other party and the courtroom is a forum wherein the judge and jury are to weigh and appraise known quantities and factors free from the elements of surprise and advantage that were often the main feature of a courtroom trial under the old procedure. It is not suggested that these rules or methods have, by any means, reached perfection or that a perfected system of procedure or trial has been arrived at. But it is suggested and urged that the use of these implements more nearly effects that desired result.

Already this opinion has been extended somewhat too long in deciding the immediate issue in the instant cause, but I have set forth some of these views in the hopes that they may induce the bar to pursue more diligently a study of the rules and to follow a more modern and better accepted practice in the preparation and presentation of cases. Such practices are bringing about more settlements and adjustments, are facilitating more expeditious handling of litigation and the arriving at more satisfactory results.

In the instant case, I am of the opinion that the Complaint sets forth adequately the contention of the plaintiff and that the motions to make more definite and certain are not applicable and they will be refused.

An appropriate order carrying out this opinion and passing upon other motions in the cause will be filed.